## Boles vs. Smith and Others.

### DECISION CONFIRMED.

1. · The decision of the Supreme Court in *Huddleston v. Garratt*, 3 Humph. 629, relating to the land in controversy in the present case, is concurred in.

### STATUTE OF LIMITATIONS. *Trespassers.*

2. If the vendor is a trespasser, his vendee is also a trespasser, and their possession cannot be connected, so as to make a continuous possession under the statute of limitations.

### SAME. *Adverse possession under Color of Title.*

3. Seven years adverse possession by a ·defendant under a deed, of a portion of the lands conveyed in the deed, outside the limits of the plaintiff's grant, will not perfect the defendant's title to that portion of the land included in the bounds of the plaintiff's grant. Such possession to be available must be of some portion of the land covered by both titles.

### ESTOPPEL. *Parol. Disclaimer.*

4. A party, and all claiming under him, are estopped by his parol disclaimer of title, where third persons act and expend their money on the faith of such disclaimer.

McKinney, J., delivered the opinion of the Court :

This was· an action of ejectment, brought by Boles against the defendants in the Circuit Court of Overton. There was judgment for the defendants, and the plaintiff appealed in error. The plaintiff claims under a grant issued to him for one thousand acres, dated 16th of October, 1837.

The defendants attempt to deraign their title, by a connected series of conveyances, under a grant from North Carolina to Donelson and Terrell, for forty thousand acres, issued the 4th of February, 1795, which covers the entire tract of 100 acres, embraced by the subsequent grant to the plaintiff. It is manifest, however, that the defendants' ti-

tle has no connection with the grant to Donelson and Terrell. Their title is found upon an execution sale made on the 3rd of March, 1834. And this sale was declared void, by reason of the *vagueness* of the levy, in the case of Huddleston vs. Garratt, 3 Humph. 629, in which determination we concur.

The defendants then are left alone to stand upon the Sheriff's deed to Huddleston, dated 28th of February, 1837, and the conveyance from Huddleston to Allen Mc-Donald (the ancestor of defendants) dated 27th December, 1839. Being cut off from all connection with the grant, they of necessity occupy the condition of trespassers upon the land, unless they have acquired a title by operation of the first section of the act of 1819.

Whether Huddleston had actual possession of the land in the interval between the date of the Sheriff's deed to him, and his conveyance to McDonald, does not appear satisfactory; nor is this fact important, for being himself a trespasser, and McDonald his vendee, also a trespasser, the latter could not connect his possession with that of the former. Hence the title of the defendants, in the most favorable aspects of the case for them, cannot relate beyond the date of Huddleston's conveyance to their ancestor, on the 27th of December, 1839; and that is subsequent to the date of plaintiff's grant.

Passing the question for the present whether either of the parties has required any valid title as against the heirs of John McIver;—we proceed to inquire, as between the plaintiffs and defendants, which has the better title.

The grant of the plaintiff and the deed of the defendants cover in part the same land. The defendants in February, 1856, a few days before the commencement of the present suit, took actual possession of part of the land within the limits of the conflict. It does not satisfactorily appear,

that the plaintiff has had actual possession of any part of the land included in his grant. There is proof tending to establish that the defendants have had possession for a number of years of part of the land within the boundaries of their deed, but entirely outside of the conflict.

With reference to this state of the case, his Honor instructed the jury in substance, that if the defendants had had an actual adverse possession under their deed, for seven years, of a part of the land, though it were outside of the boundaries of the plaintiff's grant—and plaintiff had no possession, the statute of limitations would perfect the defendant's title to the extent of the boundaries of their deed. (1)

This instruction is erroneous. As between the parties, the plaintiff has the older, and consequently, the better title, other considerations aside. It is a well settled principle, in this State that the party having the legal title, has also a constructive possession, which cannot be displaced by anything short of an actual adverse possession in another. There cannot be a possession either active or constructive of the same land in two adverse claimants at the same time. Hence, it is clear that the actual possession of the defendants of a part of the tract claimed by them, outside of the boundaries of the plaintiff's grant, was no ouster or disturbance of the plaintiff's constructive possession, resulting from his title ; it was no interference with his right; and neither gave cause of action or complaint.

(1) Actual possession under the statute of limitations of a part of the tract described in the assurance of title is held to include the whole tract. Brown v. Johnson, 1 Humph. 161; Jones v. Perry, 10 Yerg. 59; Ross v. Cobb, 9 Yerg. 463, 471; Ellicott v. Pearl, 10 Peters, 412, 443; Barr v. Gratz, Heirs, 4 Wheat. 213, 222, 223 ; Fox v. Hinton, 4 Bibb, 559; Smith's Heirs v. Lockridge, 3 Littel, 19, 20; Cates v. Loftus, 4 T. B. Monroe, 442 ; Moss v. Curry, 1 Dana, Ky. 267 ; and many others

It is a familiar principle, that the possession necessary to perfect an inferior or defective title, under the statute of limitations must be an actual possession of some part of the land in dispute.—Stewart vs. Harris, 9 Humph. 714. 2 Humph. 163 ; 1 Yerg. 262. (2)

In the present case, neither party having had actual possession of any part of the land covered by both titles, the statute of limitations did not apply, and the question is purely one of title. The remaining question is in regard to the supposed paramount title in the heirs of John McIver, who holds under the grant to Donelson and Terrell.

There is a proof in the record tending to show that prior to the date of the entry on which the plaintiff's grant is based, McIver, after surveying various distinct portions of the better lands within the bounds of the 40,000 acre grant to Donelson and Terrell, stated to different persons, that he had appropriated as much of the lands as his grant called for, and did not want the remainder of the lands. It is true, as a general proposition, that a party cannot be divested of his title to land by a mere parol disclaimer. But if in addition to such disclaimer or abandonment of title, he encourages or induces another to expend his money in acquiring a title by entry and grant to the land thus disclaimed, we are of opinion that he, and all persons claiming under him subsequent to such disclaimer, would be es-

(2) But the principle above stated, note (1) has no application, when as in the case reported, a portion of the tract mentioned in the assurance of title is adversely held by another party under a different title. In such case, the first party must have actual possession of some part of the land claimed by the second.

Napier v. Simpson, 1 Tenn. 248; Kelly v. Hass. 1 Humph. 163; Mitchell v. Churchman, 4 Humph. 218 ; Waddell v. Stewart, 4 Sneed, 434; Tighlman v Baird, 2 Sneed, 196.

topped to assert any claim or title to the land thus appro-priated by another. And of course the title of the former owner, in such a case, could not be regarded as an outstanding title.

We express no opinion in regard to the effect of the evidence upon this point, as the case must be again submitted to a jury.

*Judgment reversed.*