### 11477

### *EX PARTE* ARTHUR
### MARION, RECEIVER v. WESTON *ET AL.*

#### (122 S. E., 498)

1. APPEAL AND ERROR—RECEIVER'S APPEAL FROM JUDGMENT DECLARING ASSIGNMENT VALID NOT SUPERSEDEAS UPON PROCEEDING INVOLVING DEBTOR'S EXEMPTION.—The question of debtor's right to a homestead exemption in funds, a part of which debtor had assigned as attorney's fees, and the remainder of which was sufficient to cover an exemption claim was not affected by an appeal of debtor's receiver from a judgment declaring the assignment valid, and hence that appeal was not under Code Civ. Proc. 1922, § 654, a *supersedeas* upon proceedings involving that question.

2. JUDGMENT—JUDGMENT IN ACTION TO SET ASIDE ASSIGNMENT NOT RES JUDICATA AS TO PROCEEDING TO ENFORCE HOMESTEAD EXEMPTION.—A judgment in receiver's action to set aside debtor's assignment of part of a fund *held* not *res judicata* of debtor's right to maintain a proceeding to enforce a homestead exemption in that fund.

3. APPEAL AND ERROR—SUPREME COURT HAS NO JURISDICTION AS TO MATTER NOT PASSED ON BY CIRCUIT JUDGE.—Where the circuit Judge declined to entertain a petition for a homestead exemption, there is no basis for a decision by the Supreme Court as to petitioner's right to a personal exemption.

Before TOWNSEND, J., Richland, June, 1923. Reversed and remanded.

Action by W. B. Marion as Receiver against F. H. Weston and others in which W. W. Arthur petitioned for an

order setting off to him a personal exemption. From an order refusing petitioner's claim he appeals.

*Messrs. Melton & Belser,* for appellant, cite: *If assignment is set aside as fraudulent funds revert to the Arthurs and petitioner is entitled to homestead:* 29 S. C., 175. *Homestead claim should be considered whenever brought to the attention of the Court:* Code, 1922, Sec. 5498; 13 R. C. L., 544. *Petitioner entitled to homestead in insurance fund:* Code, 1922, Sec. 5495; 13 R. C. L., 543, 547; Joyce Ins. Sec. 23, page 118; 26 S. C., 194; 29 Me., 292; 41 U. S., 495. *Right to homestead is not lost by right to demand it:* 51 S. C., 97, 20 S. C., 522.

*Mr. D. W. Robinson,* for respondent, cites: *Appeal having been perfected stayed proceeding:* Vol. 1 Code, 1922, Sec. 646, 657; 45 S. C., 10; 32 S. C., 105; 99 S. C., 480; 121 S. C., 372. *Judgment at* 119 S. C., 589 *is res adjudicata:* 122 S. C., 239; 118 S. C., 482; 244 U. S., 298; 119 S. E., 573. *Appellant shows no reason to open default and allow him to answer:* Rule 19 Cir. Ct., 107 S. C., 483; 110 S. C., 181; 1 Code, 1922 Sec. 437; 59 S. C., 480; 43 S. C., 438; 36 S. C., 581; 53 S. C., 230; 119 S. C., 209. *Application to plead:* 118 S. E., 188; 121 S. C., 131: *Court will not give relief where there is actual fraud:* 3 Strob. Eq., 341; 116 S. C., 184.

April 19, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order refusing to set off to the petitioner, W. W. Arthur, personal exemption of $500 claimed in a certain fund.

A review of the litigation between the parties is necessary for an understanding of the issue now to be determined.

On January 3, 1921, a decree of the Court of Common Pleas for Sumter County, in the case of *Moore v. Arthur* was filed setting aside certain deeds and assignments of

property executed by Moore, covering all of his property,. to Annie M. Arthur, wife of W. W. Arthur, upon the ground of fraud, and rendering judgment in favor of Moore against Annie M. Arthur and W. W. Arthur for $24,788.08, with interest from January 1, 1921. There does not appear to have been any appeal from this decree.

On January 17, 1921, a writ of possession was issued, and under it the sheriff of Sumter County put the plaintiff Moore in possession of the lands covered by the decree, a tract of 387 acres.

On January 19, 1921 (two days later), the buildings on the premises, consisting of a storehouse, gin house, machinery, fixtures, stock of goods, and an automobile belonging to W. W. Arthur were destroyed by fire.

The judgment referred to was transcripted to Richland County where the Arthurs lived and an execution was issued on January 21, 1921, which was returned *nulla bona* on the 22d.

On January 24, 1921, supplementary proceedings were instituted against the Arthurs and an examination was ordered for January 29, 1921, the order containing the usual injunction.

The sheriff's return showed that this order was served upon the defendants on January 24th, but they contended that it was not served until some days thereafter.

Upon the examination on the 29th, it appeared that at the time of the fire there were in force insurance policies as follows:

A policy issued to W. W. Arthur and Annie
  M. Arthur upon an automobile in the name
  of W. W. Arthur for.....................$2,000.00
A policy issued to Annie M. Arthur upon gin-
  house and appurtenances for................1,475.00
A policy issued to a mercantile concern owned
  by the Arthurs upon storehouse and stock of
  goods for ..............................1,500.00
        Total.............................$4,975.00

It appeared further upon the examination that on January 24th, in the evening or night, the Arthurs had assigned these policies to Frank H. Weston, for the purpose of securing the attorney's fees, to indemnify Mrs. Weston as surety upon the receivership bond, and to secure an obligation due to the mother of W. W. Arthur.

While the supplementary proceedings were pending, a stipulation was entered into by all the parties to the effect that the insurance policies should be collected and the proceeds deposited in the joint names of W. T. Aycock and R. O. Purdy (attorneys for the respective contestants) and be held subject to judicial determination. The policies were collected accordingly as follows:

Upon the automobile policy..............$1,260.00
Upon the ginhouse policy................    620.25
Upon the storehouse policy..............    760.02

Total.......:....................$2,640.27
Out of this were paid certain disbursements, as to
which there appears to be no contest, amount-
ing to .............................    417.24

Leaving balance................    $2,223.03

Thereafter, upon application of the attorneys for the plaintiff, W. B. Marion was appointed receiver of the property of the Arthurs "not exempt from execution," and was directed to bring an action against all the parties interested to recover for the plaintiff "the interest of the Arthurs" in the insurance policies.

The action referred to was begun on August 26, 1921, by *Marion as receiver against F. H. Weston et al.* to set aside as fraudulent the assignments of the policies which the Arthurs had made to F. H. Weston, on January 24, 1921. The defendants Weston, Aycock, Edmunds, and Mrs. Weston  made answers contesting the action; the Arthurs filed no answers.

The issue was referred to J. C. Townsend, Esq., master, who took testimony and filed his report on September 28, 1922, sustaining the allegations of the complaint, finding that the assignments of the policies were fraudulent and preferential, and recommending that they be set aside.

Upon exceptions to this report a decree was filed by Judge Mauldin dated November 4, 1922, reversing the conclusions of the master and sustaining the validity of the assignments. From the decree of Judge Mauldin the receiver appealed to this Court, in which the record was filed on March 28, 1923.

On May 3, 1923, W. W. Arthur served a petition upon all the parties concerned, praying that under the homestead laws an exemption of $500 out of the funds in the hands of W. T. Aycock and R. O. Purdy, proceeds of the insurance policies, after the payment of $800 attorney's fees ordered in the decree of Judge Mauldin, be set off to him as the head of a family.

To this petition the parties made returns. Weston, Aycock, and Edmunds, attorneys, made no objection, provided their fees were taken care of; the plaintiff and the receiver objecting to the claim of the petitioner upon the following grounds:

(1) That if the petitioner be entitled to the personal exemption, it should be set off out of the personal property, household furniture, and fixtures of the Arthurs.

(2) That the plaintiff's judgment arose out of a fraudulent transaction on the part of the Arthurs.

(3) That at the time of the fire the insured property belonged to and was in the possession of the plaintiff who was legally and equitably entitled to the insurance upon it.

(4) That the action by the receiver to set aside the assignments of the policies was then pending in the Supreme Court; that the Arthurs were only made parties thereto, failed to appear, and proof of default has been duly entered; that the question of the right and title to the insurance funds

are pending upon appeal; and that the Circuit Court has no jurisdiction of the petition.

The matter was heard by Judge Townsend, who on June 27, 1923, filed an order refusing the petition, upon the ground that the action involving the right to the insurance funds was pending in the Supreme Court; that Arthur had been made a party thereto and had failed to answer; that default had been entered against him; and finding that, for these reasons, the Court was without jurisdiction to entertain the petition at that time.

From that order Arthur has appealed upon exceptions which fairly raise the questions hereinafter discussed and decided.

In the meantime, on October 29, 1923, this Court rendered judgment reversing the decree of Judge Mauldin and affirming the report of the master, holding that the assignments of the policies were void, but expressly, so far as Messrs. Weston, Aycock, and Edmunds were concerned, basing the decision, not upon the statute of Elizabeth, but upon the assignment law of this state as construed in the cases of *Porter v. Stricker,* 44 S. C., 190, and other cases cited in the opinion.

The respondent takes the following positions:

(1) That the effect of the appeal of the receiver, from the decree of Judge Mauldin, was a supersedeas upon all proceedings in the cause, which rendered it impossible for Judge Townsend to have entertained the petition for homestead exemption.

(2) That the judgment of this Court reversing the degree of Judge Mauldin, and adopting the master's Report as the judgment of the Court, holding that the assignments of the policies were void and that the receiver was entitled to them, is *res adjudicata* upon the petitioner's right to the exemption.

(3) That the petitioner has offered no reason or excuse for opening the default suffered by him in the case of

Marion, receiver, against Weston et al., that he has made no effort to comply with rule XIX of the Circuit Court, and that he has not asked or shown any sufficient. reason for relief from his default.

(4) That in the matter of the assignments of the policies the petitioner has been convicted of actual, intentional fraud, and that under such circumstances the Court will not afford him any relief.

As to respondent's first position: Section 654, Code Civ. Proc. 1922, provides that the appeal shall stay all further proceedings in Court below upon the judgment appealed from, or upon the matter embraced therein; but that the Court below may proceed upon any other matter included in the action, and not affected by the judgment appealed from."

The right of the petitioner to the exemption was not a matter at all embraced in the judgment declaring the assignments valid (Judge Mauldin's decree), for the assignments did not cover the entire fund, and there was a sufficient amount remaining after satisfying the claims for which they were made for the petitioner's exemption. The supersedeas therefore, by the terms of the section, had no application to it. And if it could be considered that the matter of the homestead exemption was "included in the action," it manifestly was a matter not at all affected by the judgment appealed from, for the same reason.

As to respondent's second position: The case of *Johnston Crews Co. v. Folk,* 118 S. C., 470; 111 S. E. 15, is squarely against the respondent. That case is approved in *Coleman v. Rush,* 123 S. C., 236; 116 S. E. 449. In both it is declared that the essential elements of *res adjudicata* are: (1) Identity of parties; (2) identity of the subject matter; (3) an adjudication in the former suit of the precise question sought to be raised in the second suit.

It is there held that where the identity of the subject matter in the two proceedings has not been established, the rule of conclusiveness as to matters which might have been litigated has no application; the estoppel in such cases being applicable only when the precise point has been adjudicated.

It will not be contended, we assume, that the subject matter in an action to set aside an assignment and the subject matter in a proceeding for homestead exemption are identical. Hence the precise point, the right of the petitioner to homestead, not having been adjudicated in the former proceeding, the judgment cannot work an estoppel by *res adjudicata.*

As to the respondent's third position: This becomes immaterial in view of the foregoing conclusions.

As to respondent's fourth position: Even if the proposition advanced be correct, it has no application to this case, for the reason that in the opinion of the Court the judgment was specifically based upon the conclusion that the assignments were invalid under the assignment law and not under the statute of Elizabeth.

As to the right of the petitioner to the personal exemption: The Circuit Judge made no ruling upon this matter. He declined to entertain the petition at all. There is therefore no basis in the case for the exercise of the Court's appellate jurisdiction.

The order of his Honor, Judge Townsend, is reversed, and the case remanded to the Circuit Court for adjudication of the petitioner's rights.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE MARION disqualified.

MR. CHIEF JUSTICE GARY did not participate.