12741

WARING, REC'R, v. JOHNSON *ET AL.*

(149 S. E., 840)

*Messrs. Paul M. Macmillan* and *A. L. Hamer,* for appellants,

*Messrs. Waring & Brockinton,* for respondent,

October 7, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the Receiver of the People's Federation Bank on a promissory note, dated August 13, 1923, and given to that bank by the defendants, and one other, as makers and indorsers. The prayer of the complaint was for judgment for $11,000, the principal sum of the note, with interest at 7 per cent. from the date of the suit and attorney's fees.

The defendants answered, setting up various defenses. Eugene and A. E. Gadsden and A. C. Mayes pleaded, as one of their defenses, that the note, having been executed in

violation of Section 4000 of the Civil Code of 1922, was null and void.

Before the case came to trial, Eugene Gadsden died, and Eugene Duncan, as executor of decedent's will, was substituted as a defendant.

On March 27, 1928, plaintiff served notice of an oral demurrer to the defense above referred to, on the ground that it did not state facts sufficient to constitute a defense, for the reason that Section 4000 "is a statute regulating the action of officers of banks, and in no way affects the validity of the note, which is the subject-matter of this case, and does not apply to or affect the validity of the note as between the makers, endorsers and holders."

On the call of the case for trial, April 2, 1928, the demurrer was heard and sustained by his Honor, Judge Townsend. Thereupon these defendants, in open Court, served written notice of intention to appeal, and suggested to the Court that such notice would stay the proceedings. Judge Townsend ruled, however, that the cause should immediately proceed to trial as to all defendants. Attorneys for the appellant-defendants then withdrew, and did not participate in the trial of the case. The jury returned a verdict for the plaintiff for $12,593, and judgment was entered thereon.

The appeal presents two questions: (1) Was Section 4000 of the Civil Code a good defense? (2) Did the trial Court commit error in ordering the case to trial after service of written notice of appeal from the order sustaining the demurrer?

As to the first question: For the purposes of the demurrer, the defense objected to will be taken to allege that the defendants pleading it were directors or other officers of the bank. Section 4000, claimed to have been violated in the execution of the note, is as follows:

"No director or other officers of any such bank shall borrow therefrom, except on good security, to be approved in writing by two-thirds of the whole board of directors of such bank, and no director or other officer of any such bank

shall become an endorser or surety upon any loan or credit made or extended to any other director or officer of such bank: Provided, that the total liabilities to any such bank of any director, or of any firm of which such director is a member, or of any company or corporation of which such director is an officer, shall at no time exceed one-tenth part of the amount of the capital stock of any such bank, actually paid in, and its surplus: Provided, this shall not apply to loans on cotton in bales stored in warehouses and evidenced by receipts issued therefor by said bank to any of its directors, in which case loans shall be made as in other instances. But the discount of bills of exchange drawn in good faith against existing values and the discount of commercial business paper shall not be considered as money borrowed."

This Section prescribes rules governing the conduct of directors or other officers of a bank in the matter of borrowing therefrom themselves, etc. It is intended for the protection of the bank and not of its officers, and does not affect the validity of any loan that may be made in violation of its provisions. A bank necessarily makes its loans through its officers, and it would be an anomalous situation if an officer of a bank, in the management of which he has a potent voice, could borrow from such bank in violation of the statute regulating his conduct as such officer, and then escape liability on his note, given as an evidence of the debt, on the ground that it was illegal when executed. The directors cannot make themselves liable to their bank in violation of the provisions of Section 4000, and then come into Court and claim immunity from payment of the note under a plea that the transaction was in violation of the statute. The trial Judge properly sustained the demurrer to this defense.

As to the second question: It appears that Judge Townsend was correct also in ordering the case to trial as to the other issues made by the pleadings, and in holding that, as to those issues, the notice of appeal would not operate as a supersedeas.

In the case of *Hammond v. Railway Co.,* 15 S. C., 10, the defendants interposed a demurrer to the second of the two causes of action set forth in the complaint. The Court overruled the demurrer, and the defendants at once gave notice of appeal, and moved that the case be continued until the appeal should be disposed of. The motion was refused and the case ordered to trial. The Supreme Court held that the notice of appeal from the order overruling the demurrer to the second cause of action suspended the proceedings as to that cause of action until the appeal was decided, but that as to the other cause of action the case was properly ordered to trial.

In the case of *Elliott v. Pollitzer,* 24 S. C., 81, the defendant demurred to the complaint on the ground that "it did not state facts sufficient to constitute a cause of action." The trial Court overruled the demurrer, and the defendant at once gave notice of an appeal to the Supreme Court, and requested that the case be continued until the appeal could be heard. The Court refused the request and submitted the case to the jury. The Supreme Court decided that the notice of appeal from the order overruling the demurrer to the complaint operated as a supersedeas, and that the case should not have been proceeded with until the appeal was disposed of.

After the decision in these and similar cases, the Legislature amended what is now Section 657 of the Code of Civil Procedure of 1922, and provided that "an appeal from a judgment or decree overruling a demurrer shall stay the further hearing of the cause unless the presiding Judge shall be satisfied that the ends of justice will be subserved by proceeding with the trial, and shall order the trial of the cause to proceed to judgment." ·

It was pointed out in *Liles v. Harris-Grimes Co.,* 76 S. E., 115 (not reported in the South Carolina Reports), that the principle laid down in the above-mentioned cases clearly covered an appeal also from an order *sustaining* a demurrer;

and that as the proviso in the above-named Section applies only where the demurrer is overruled, the rule laid down in the *Hammond* and *Elliott cases* is still of force when appeal is taken from an order sustaining a demurrer.

From the foregoing it is clear that an appeal from an order sustaining a demurrer, as in the present case, to one of several specific defenses in an answer (leaving other issues to be tried), which does not result in an immediate final judgment, does not act as a supersedeas of the entire proceedings in the case. His Honor, Judge Townsend, so held in effect; as there were other issues to be tried, no immediate judgment could be given by the Court upon his sustaining the demurrer to the defense indicated, and he properly ordered the case to trial as to those other issues. The terms of Section 657 of the Code of Civil Procedure of 1922, above referred to, mean that there is no supersedeas, except where the order sustaining the demurrer results in an immediate final judgment.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.