12828

LAURENS TRUST CO. *ET AL.* v. COPELAND *ET AL.*

(151 S. E., 617)

*Messrs. Blackwell, Sullivan & Wilson* and *Richey & Richey,* for appellants.

*Messrs. Simpson, Cooper & Babb,* for respondents,

February 7, 1930.

The opinion of the Court was delivered by MR. ACTING JUSTICE OSCAR HODGES.

This is an appeal from an order of special presiding Judge, C. Granville Wyche, refusing a motion to set aside and vacate a default judgment.

It appears from the transcript of record in this case that the Laurens Trust Company obtained a judgment by default against E. W. Copeland and his wife, Lizzie H. Copeland, in the sum of $1,987.08, on December 31, 1924, and this judgment was duly entered and enrolled in the Clerk of Court's office at Laurens on January 1, 1925, and duly assigned to one J. D. Watts, November 20, 1926. The summons and complaint was lodged, on December 1, 1924, with the Sheriff of Laurens County for service. The affidavit of service is dated December 31, 1924, and it shows on its face that copies of the summons and complaint were personally served on each of the defendants, E. W. Copeland and Lizzie H. Copeland, on December 4, 1924, by one L. F. Nabers, deputy sheriff, and purports to have been signed by him before Alice R. Poole, a notary public in the office of R. E. Babb, Esq. The summons and complaint, the affidavit of proof of service, affidavit of no answer, order for the judgment, and all other papers constituting the judgment roll, are regular upon their face. A motion was duly noticed and made in the original case before Judge C. C. Featherstone on May 31, 1928, upon all the records in

the case and on certain affidavits submitted at the hearing; the purpose being to set aside and vacate said judgment on the grounds that the summons and complaint were never served on the defendants, E. W. Copeland and Lizzie H. Copeland, and that the Court had not acquired jurisdiction of them. Judge Featherstone, after hearing arguments thereon, referred the case to the lamented Hon. Frank P. McGowan, an able and distinguished member of the Laurens bar, to take the testimony in the case and to report the same to the Court. Upon the testimony so reported, and on all records in the case, Judge Wyche, after hearing the motion, refused to grant the same by order dated December 22, 1928, and the case is now in this Court on appeal from that order.

There are various grounds of appeal set out in the record which will be incorporated in the report of this case, together with the order of the Circuit Judge.

Under the view which we take we do not deem it necessary to consider these grounds *seriatim*. The only question before this Court is whether there was any testimony to sustain the findings of fact of the Circuit Judge. The law is firmly established in this State, by an unbroken line of decisions, that this Court cannot review the findings of fact made by the Circuit Court in a law case; that whenever it is a question of the sufficiency of testimony, this Court is powerless in a law case, to interfere, but this Court can review the facts for the sole purpose of determining the question as to whether there is any testimony whatever in the case to sustain or support the judgment of the Circuit Court, as this presents a question of law. With this principle clearly in mind, we have carefully examined the entire record in the case for the sole purpose of determining the question as to whether there is any evidence whatever supporting or tending to support the findings of fact of the Circuit Court that the defendants were served with copies of the summons and complaint in this

case, or had any notice of the pendency of the action. We must confess that, after a painstaking examination, we have been unable to find any testimony in the record that the defendant Lizzie H. Copeland was ever served, or that she had any notice that the action was pending against her. It is true that the affidavit of service, purporting to have been signed by the deputy sheriff, L. F. Nabors, shows upon its face that she was personally served on December 4, 1924. The return of this officer is only *prima facie* evidence of the facts therein stated, but this affidavit of service has been impeached by extrinsic evidence, and the proof of its falsity has been clearly and convincingly established. The deputy sheriff testified that he never served the summons and complaint upon Mrs. Copeland, and that he had never seen her in his life until the day of the hearing before the Referee, and Mrs. Copeland declared positively that she had never been served; that she never heard of the papers being left at her home; and that she had never met Mr. Nabors until the day of the taking of the testimony. The testimony was uncontroverted that it was not the signature of Nabors to the affidavit of service, and there is no testimony in the record that she was ever served by any other person, or that she was ever given any notice of the pendency of the action. On the contrary, no other inference can be drawn from the testimony, other than that she never had any notice that an action was pending against her, or that a judgment had been obtained against her, until she was notified of this fact in March, 1928, more than three years after rendition of the judgment, and she immediately consulted Mr. Richey with a view to have the judgment set aside. There is nothing in this case to bring it within the rule laid down in the cases of *Dill-Ball Co. v. Bailey,* 103 S. C., 233, 87 S. E., 1010, and *Metropolitan Life Insurance Co. v. Still et al.,* 140 S. C., 18, 138 S. E., 401, where this Court held that, while the service in those cases was not altogether regular, yet the parties were fully informed of the pendency of those ac-

tions. In those cases copies of the summons and complaint were left in mail boxes at the respective residences of the parties, and the testimony showed that they got the papers in their possession, and the Court very properly held that they were informed of the action pending against them, and that this was sufficient to show service and a substantial compliance with the law. In the present case, there is no evidence whatever that copies of the summons and complaint were served in any manner upon Mrs. Copeland, or that she ever had any notice of the pendency of the action against her, unless the return of the deputy sheriff in the record is to be taken as evidence thereof. If you disregard the return of the deputy sheriff, which we hold should be done, for the reason that the presumption of its correctness has been entirely overcome and rebutted by the uncontradicted extrinsic evidence of its falsity, then there is not a particle of testimony remaining in the record to sustain the findings of the Circuit Judge. There is no evidence of laches on the part of Mrs. Copeland, as she applied promptly to the Court for relief, after she learned that the judgment had been entered against her. She has not had her day in Court, and the judgment as to her should have been set aside.

Now, as to E. W. Copeland, the case presents a different question. It appears from the testimony of Mr. Babb, counsel for the plaintiff, who testified in substance that he told Mr. Copeland that he would have to sue on the note which his firm held for collection against him and Mrs. Copeland, and that Mr. Copeland requested him to say nothing to his wife about it, as it might cause much uneasiness to her; that he told Mr. Copeland that he would have to enter suit against him and Mrs. Copeland unless the matter was settled; that shortly after he had lodged the summons and complaint with the sheriff for service, and before the judgment was taken in the case, Mr. Copeland requested him to withdraw the suit and offered to give a mortgage on some property

that he owned; that he declined to take the mortgage of Mr. Copeland, but told him that he thought he could get the money for him on a house and lot in Laurens, which he understood was owned by Mrs. Copeland. Mr. Copeland stated that he did not want to ask his wife to give a mortgage on her property, and Mr. Babb told him that he could not withdraw the suit unless something definite was done, and further advised that he had better get an attorney and set up a defense, if he thought he had any; that the answer would have to be put in within 20 days from the time the paper was served; that after the judgment was obtained Mr. Copeland saw him from time to time seeking a compromise of the judgment.

It is apparent from the testimony of Mr. Babb that there was some evidence in the record to sustain the findings of the Circuit Judge, that Mr. Copeland was either served in some manner or was fully informed of the pendency of the action, and we shall not disturb the order of the Circuit Judge as to him.

Furthermore, this Court is not very favorably impressed with the conduct and position that Mr. Copeland has taken in this case. He admitted that he knew in January, 1925, that the judgment was entered up against him and his wife. He concealed from his wife the fact that they were threatened with the suit, and did not notify her that the judgment had been entered against them. His wife first learned of the judgment in March, 1928, not from him, but from another source, and according to his own admissions he took no steps to protect his or his wife's rights, if they had any, until she herself acted, and then he joined her in making the motion to set aside the judgment. He has shown no excuse for such laches, and, if the point had been raised, it would present an interesting question as to whether or not he is estopped to assail the validity of the judgment after such a long delay in making the motion. The general rule in other jurisdictions seems to be as is laid down in

15 R. C. L., pp. 694, 695 : "As to the time within which application to open or vacate a judgment must be made where the Court is authorized to act after the lapse of the term, no precise rule can be given. If the judgment is void on its face, it is usually held that no limitation can with propriety be interposed, for the reason that no amount of acquiescence can make such a judgment valid. Where, however, the judgment is not void on its face, and may therefore be enforced if permitted to stand on the record, Courts in many instances refuse to exercise their *quasi*-equitable powers to vacate a judgment after the lapse of the term at which it was entered, except in clear cases, to promote the ends of justice, and where it appears that the party making the application is himself without fault and has acted in good faith and with ordinary diligence. Laches on the part of the applicant if unexplained, is deemed sufficient ground for refusing the relief to which he might otherwise be entitled. Something is due to the finality of judgments, and acquiescence or unnecessary delay is fatal to motions of this character, since Courts are always reluctant to interfere with judgments, and especially where they have been executed or satisfied. The moving party has the burden of showing diligence, and unless it is shown affirmatively the Court will not ordinarily exercise its discretion in his favor. As to what delay will amount to laches depriving the applicant of his right to relief is uncertain and the decisions on this point vary widely."

But our Court, apparently, has not expressly passed upon the question as to when, and under what circumstances, a motion can be made to set aside a judgment for any cause, except in those cases provided for in Section 437 of the Code. This Section provides for the granting of relief within one year after notice of the judgment, where it was taken against the party through his excusable neglect, etc. This Section does not apply in this case. See *Ex Parte Carroll*, 17 S. C., 446; *Ex Parte Gray*, 48 S. C., 566, 26 S. E., 786.

Inasmuch as the point was not raised and discussed before us, and it being unnecessary to pass on the question at the present time, we shall leave it open to be determined by the Court when properly presented for adjudication.

For the reasons indicated, it is the judgment of this Court that the order of the Circuit Court as to Lizzie H. Copeland be reversed, with directions to set aside the judgment as to her, but, as to E. W. Copeland, that the order be affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER, concur.

MR. CHIEF JUSTICE WATTS did not participate.