## 16591

### JOHNSON v. BRANDON CORP.
(69 S. E. (2d) 594)

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *Young, Bell & Callison,* of Greenwood, *and Kerr & Evins and Harvey W. Johnson,* of Spartanburg, *for Appellant,* cite:

*Messrs. Haynsworth & Haynsworth and Stephen Nettles,* of Greenville, *and Grier, McDonald, Todd & Burns,* of Greenwood, *for Respondent,* cite:

February 8, 1952.

OxNER, Justice.

On March 14, 1949, this action was instituted by appellant, a stockholder in the Brandon Corporation, to require said corporation (1) to declare a dividend on the Class B stock held by her, and (2) to cancel or modify the agreement under which the Woodward, Baldwin & Co. is selling the goods manufactured by the Brandon Corporation. It was alleged in the complaint that the dividends paid to plaintiff and other holders of Class B stock had not been commensurate with the earnings and financial condition of the corporation, and that the commissions paid by said corporation to its selling agent, Woodward, Baldwin & Co., were excessive.

Within due time an answer was filed by the Brandon Corporation in which, after denying that its dividend policy had been arbitrary or unfair, it was alleged that the earnings had been used to make necessary plant improvements, set up reasonable reserves, and pay dividends on or retire stock having preference over that held by plaintiff; and that the corporation was not in a position at that time to pay any further dividends on the class of stock held by plaintiff. It was further alleged that the selling agency agreement with Woodward, Baldwin & Co. was fair and reasonable.

In April, 1949, the attorneys for plaintiff sought to examine the president of the Brandon Corporation under Sec-

tion 703 of the 1942 Code. Defendant moved to set aside these proceedings on the ground that there was no statutory provision warranting such examination. On June 9, 1949, Judge Martin granted the defendant's motion and quashed the purported service of the subpoena on its president. Due notice of appeal from this order was given by plaintiff. The parties having been unable to agree on the contents of the case for appeal, on August 17, 1949, plaintiff gave notice that she would move before Judge Martin for an order settling the record for appeal, but no further action or steps have been taken by either party to have the case for appeal settled or otherwise perfected.

Thereafter in November, 1949, the Brandon Corporation, Belton Mills and Abney Mills were merged into one corporation known as the Abney Mills. The plaintiff voted against the merger and within due time demanded the payment of the value of her stock in the Brandon Corporation. The facts with reference to the merger and the various proceedings subsequently had with reference to plaintiff's stock are stated at length in the opinion filed this day in the case of *Johnson v. Baldwin,* S. C., 69 S. E. (2d) 585, and need not be again repeated. It is sufficient to say that the instant action resulted, as did the case of *Johnson v. Baldwin, supra,* in an order by Judge Martin, dated March 31, 1951, dismissing the complaint upon the ground that the plaintiff had ceased to be a stockholder of the Brandon Corporation and, therefore, no longer had the capacity to prosecute the action.

The case of *Johnson v. Baldwin, supra,* and the instant case were heard together in this Court on oral argument. The only issue raised in the instant case which was not disposed of in the opinion filed in the other case is a contention by plaintiff that under Section 792 of the 1942 Code, the appeal by her from the order of Judge Martin filed on June 9, 1949, denying her the right to a pre-trial examination of defendant's president, stayed all further proceedings and, therefore, it was error for the Court, while said appeal

was pending, to hear the motion by defendant to dismiss the complaint.

We agree with the defendant that the appeal pending ▆▆ by plaintiff only stayed the proceedings in the Court below in so far as they involved the order appealed from. It is well established that "an appeal from an intermediate or interlocutory order does not divest the trial court of jurisdiction to proceed in matters not involved in the appeal." 3 Am. Jur., Appeal and Error, Section 534, page 195. To the same effect is § 609 of 4 C. J. S., Appeal and Error, page 1094. Also, see *Bonner v. Western Union Telegraph Co.,* 71 S. C. 303, 51 S. E. 117; *Marion, Receiver, v. Weston,* 128 S. C. 396, 122 S. E. 498; *Waring, Receiver, v. Johnson,* 152 S. C. 317, 149 S. E. 840. The appeal from the order denying plaintiff the right to examine before trial the defendant's president has no relation to the right of the defendant to dismiss the instant action upon the ground that plaintiff has lost her status as a stockholder in the Brandon Corporation.

It is equally well settled that although a party may ▆ have an interest giving him a right of appeal, if that interest is divested pending the appeal, the appeal will be dismissed. 2 Am. Jur., Appeal and Error, Section 151, page 943; 4 C. J. S., Appeal and Error, § 1361. If, as we have held, plaintiff no longer has the capacity to continue this action, the question as to her right to a pre-trial examination of defendant's president becomes academic and moot.

All other issues raised by the exceptions have been ▆ duly considered and determined adversely to plaintiff in the companion case. To what was there said, it might not be amiss to add the following from *Thompson v. Thompson,* 214 S. C. 61, 51 S. E. (2d) 169, 172: "The surplus profits of a corporation are a part of its assets and do not belong to the stockholders individually. The stockholders have no right to demand such profits until they have

been set apart for the payment of dividends. *Gable v. South Carolina Tax Commission,* 189 S. C. 346, 1 S. E. (2d). 244; 13 Am. Jur., Corporations, Section 707. 'Corporate earnings and profits remain the property of the company, until severed from the assets and distributed as dividends among the stockholders entitled thereto. It is the declaration of the dividend which creates both a dividend itself and the right of the stockholder to demand and receive it.' Fletcher Cyc. of Corporations, Permanent Edition, Volume 11, Section 5321, page 785. Of course, 'if the directors of a corporation abuse their discretion, and fraudulently or arbitarily refuse to pay a dividend, when the condition of the corporation makes it their duty to do so, a court of equity will compel them to do so at the suit of a stockholder.' Fletcher Cyc. of Corporations, Permanent Edition, Volume 11, Section 5325, page 799. Such an action by a stockholder is one in the right of the corporation."

It is our conclusion that having lost her status as a stockholder, plaintiff no longer has the capacity to prosecute this action. Of course, in determining the value of her stock, it will be proper to take into consideration the financial condition of the Brandon Corporation at the time of the merger, including any surplus which plaintiff alleges was excessive and should have been distributed in paying dividends on her stock.

The order appealed from is affirmed, without prejudice, however, to the right of the plaintiff to take such action as she may be advised to have determined and to recover the value of her stock.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.