20185

Irby T. GRANT, Respondent, v. Rufus W. GOSNELL, James H. Goodman, Marion L. Powell, Powell & Poston, Attorneys at Law, A. Gilford Trapp, Walker Padgett, Horace Meetze, E. B. Garrington, J. M. Pendarvis, and First State National Bank, Defendants.

(223 S. E. (2d) 413)

*Messrs. John H. Williams of Williams & Johnson, Aiken, Wilburn Brewer, Jr., of Nexsen, Pruet, Jacobs & Pollard,*

and *R. Bruce Shaw,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for Appellants,*

*Messrs. William T. Jones,* of Greenwood, *Billy C. Coleman,* of Saluda, *Joe F. Anderson,* of Edgefield, and *Ronald L. Motley,* of Barnwell, *for Respondents,*

March 10, 1976.

RHODES, Justice:

This is a derivative action instituted by a stockholder of the First State National Bank (FSNB), a national banking association doing business in Aiken and Saluda Counties, based on allegations of fraud and mismanagement in connection with the operation of FSNB. Two of the ten named

defendants in the complaint objected to the jurisdiction of the lower court on the ground that plaintiff-stockholder, Irby Grant, did not have the right to bring the action based on the contention that the complaint failed to show that an effort for redress within FSNB would have been unavailing. The lower court held that an application for redress was unnecessary in the factual context of this case and ordered the moving defendants to file responsive pleadings. We affirm.

The issue before us is whether the lower court had jurisdiction of this derivative action notwithstanding plaintiff-stockholder Grant's failure to first seek intracorporate relief.

Generally, in order for a stockholder to be able to sue for corporate injuries, he must allege that he has exhausted his remedies within the corporation or show a sufficient reason for not doing so. *Latimer v. Richmond & D. R. Co.*, 39 S. C. 44, 17 S. E. 258 (1893); *Thompson v. Thompson*, 214 S. C. 61, 51 S. E. (2d) 169 (1948). In *Stahn v. Catawba Mills*, 53 S. C. 519, 31 S. E. 498 (1898), the Court stated:

"It is also a well-established rule that an application for redress within the corporation and refusal need not be alleged, if it be shown that the directors or managing board are themselves the wrongdoers in some alleged breach of trust or fraudulent misappropriation of the corporate property, and have control of a majority of the stock, so as to control corporate action. In such a case it is reasonable to infer that an effort for redress within the corporation would be unavailing." *Accord,* Fletcher Cyc. Corp. § 5965 (Perm. Ed. 1970).

Grant's complaint alleged that the failure to make demand on the directors and stockholders of FSNB to bring this action directly was excusable because FSNB's board of directors was controlled by, and a majority of its shares were held by, the alleged wrongdoers. The verified complaint alleged that defendants Gosnell, Powell, and Pendarvis were

directors of FSNB at all times relevant to the complaint, and defendant Powell as a member of defendant law firm of Powell and Poston, was legal counsel for FSNB. Other defendants included several former directors and officers of FSNB along with a commercial cusomer of the bank. FSNB was named a nominal defendant.

Shortly after the complaint was filed in March of 1975, defendants Powell, and the Powell and Poston law firm filed a notice of appearance to object to the jurisdiction of the lower court under S. C. Code § 10-648 (1962). In support of their jurisdictional objection, the moving defendants submitted an affidavit of defendant Powell along with exhibits showing the directors of FSNB from 1965-1974, and the number of shares owned by each board member as of December 31, 1974. The moving defendants contend that the complaint is void of any facts to support the conclusional allegation that FSNB's board was controlled by the alleged wrongdoers. The affidavit and exhibits submitted by them show that all the alleged defendants-directors had resigned prior to the time Grant's action was commenced except for defendant Gosnell. They also show that there were only six directors on the board in March of 1975 when normally the board consists of twelve or thirteen members. They contend that it cannot be assumed that a demand for redress within FSNB would have been useless simply because defendant Gosnell owned a majority of FSNB's stock when the other directors were not charged with any wrongdoing and constituted a majority of the board.

The issue of whether the failure of Grant to seek redress within FSNB was excusable is a factual question, the resolution of which by the lower court should be affirmed unless unsupported by the evidence or influenced by error of law. *See Jacobs v. Ass'n of Ind. Colleges and Schools,* S. C., 219 S. E. (2d) 837 (1975).

The lower court concluded that "petitioning the Bank (FSNB) for redress prior to instituting this suit would

have been an exercise in futility and, therefore, such demand was unnecessary." This conclusion was principally based on the fact that defendant Gosnell was chairman of the board, chief executive officer, and majority stockholder of FSNB at the time Grant instituted his action.

The complaint in *Stahn v. Catawba Mills, supra*, alleged that because the defendants-directors were charged with mismanagement of the corporation and either owned or controlled by proxy a majority of the corporation's stock, the plaintiff was powerless to obtain redress within the corporation. The Court held that such facts were sufficient to excuse the plaintiff from a prior pursuit of intracorporate action.

In *Stahn*, a majority of the members of the board of directors of Catawba Mills was named party-defendants, while in the case before us only a minority was sued. However, in *Stahn* the Court did not impose as an essential condition the requirement that a majority of the directors must be named defendants in order to excuse demand on the board. The Court did, however, attach importance to allegations of majority control of the stock and breach of trust, both of which factors are alleged in the present suit.

The record reflects that Gosnell was chairman of the board of directors, and the owner of a majority of FSNB's stock at the time this suit was brought. Possessed of this control of the stock of the corporation, it is reasonable to infer that Gosnell would not voluntarily permit corporate action designed to grant relief for the grievances alleged in the complaint in which he is named as a wrongdoer.

In evaluating the "excuse" allegations in a derivative suit, "Courts have generally been lenient in excusing demand". *deHaas v. Empire Petroleum Co.*, 435 F. (2d) 1223 (10th Cir. 1970).

We are of the opinion that the lower court's decision is supported by the evidence, and that it properly refused to dismiss the action for lack of jurisdiction.

AFFIRMED.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.