21151

RICHARDSON CONSTRUCTION COMPANY, INC., Respondent, v. MEEK ENGINEERING AND CONSTRUCTION INC., Shapson Realty Corporation, and U. S. Textile Corporation, Defendants, of whom Meek Engineering and Construction, Inc., is Appellant.

(262 S. E. (2d) 913)

*James S. Chandler, Jr.,* and *Wayne F. Rush,* both of *Callison, Tighe & Rush,* Columbia, *for appellant.*

*Charles F. Cooper, II,* of *Ratchford, Cooper & Jonas,* Columbia, *for respondent.*

February 18, 1980.

GREGORY, Justice:

This appeal is from an order denying appellant Meek Engineering and Construction, Inc.'s motion to set aside a default judgment taken against it by respondent Richardson Construction Company, Inc. We reverse.

Appellant simultaneously moved to have the alleged service of a Summons (Complaint Not Served) set aside and the suit dismissed for lack of jurisdiction over appellant. The basis for these interwoven motions is appellant's contention that it was never served with the Summons. In support thereof is an affidavit of appellant's secretary which acknowledges service of a Notice of Mechanic's Lien but denies receipt or service of a separate and detached Summons (Complaint Not Served).

Although the Affidavit of Default executed by respondent's attorney states that both a Summons and Complaint were served on appellant, counsel conceded in the court below that a Complaint was never served.

It was respondent's intent to serve appellant with both a Notice of Mechanic's Lien and, under separate back, a Summons (Complaint Not Served). However, there is only one Affidavit of Service as to both pleadings, being a form type affidavit with appropriate boxes to be checked and blanks to be completed by or at the direction and over the notarized signature of the affiant to reflect the particulars of service.

The purported service of process was· not effected by a Sheriff's deputy ·or other disinterested party, but rather by a law clerk employed by respondent's attorney. Although .there are two other defendants in this action, the law clerk served only appellant. The form affidavit executed by the clerk indicates by check ·mark that a Summons was served, and by handwriting that a Notice of Mechanic's Lien was also served on appellant's secretary.

Respondent urges us to reject outright the challenge to ·the law clerk's affidavit of service while blindly overlooking the admitted error on the affidavit of default. Here, we are squarely faced with the narrow issue of whether a default judgment may be taken on the basis of a Summons (Complaint Not Served) purportedly served on the defendant by an employee of the plaintiff's attorney when such service is flatly denied by the defendant, the only proof thereof is a single form affidavit of service for separate documents, and counsel's affidavit of default is admittedly erroneous. We hold that within the ambit of this appeal and as a matter of law it may not.

The motion below for relief from judgment was not brought under Section 15-27-130, ·Code of Laws of South Carolina (1976), on the basis that the Summons was sufficiently confusing to excuse the failure of response thereto, a matter addressed to the sound discretion of the trial judge. *Thompson v. Wilder*, S. C. 253 S. E. (2d) 108 (1979). Rather, the motion for relief herein was grounded upon the court's lack of jurisdiction over appellant by reason of respondent's alleged failure to serve the Summons. Such relief, when warranted, is not discretionary but a matter of right. *New York Life Ins. Co. v. Mobley*, 90 S. C. 552, 73 S. E. 1032 (1912); *Dill-Ball Co. v. Bailey*, 103 S. C. 233, 87 S. E. 1010 (1916).

While ·the lower court's refusal to ·hold that the Summons had not been served inferably constitutes a finding of service which will not normally be disturbed

on appeal in a case at law unless the record discloses there is no evidence reasonably supporting the finding, *Laurens Trust Co. v. Copeland,* 154 S. C. 390, 151 S. E. 617 (1930); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221, S. E. (2d) 773 (1976), nevertheless when such finding is manifestly influenced or controlled by an error of law, it is not binding on appeal and is thus subject to this Court's power of review. *Marsh Plywood Corporation v. Graham,* 240 S. C. 486, 126 S. E. (2d) 510 (1962); *Grant v. Gosnell,* 266 S. C. 372, 223 S. E. (2d) 413 (1976).

This Court has with frequency and consistency remonstrated against the use of a Summons (Complaint Not Served). *Jolley v. Jolly,* 265 S. C. 594, 220 S. E. (2d) 882 (1975); *Thompson v. Wilder, supra; Williams v. Carpenter,* S. C., 256 S. E. (2d) 316 (1979). It is barely tolerable as a method of initiating a cause and belongs on the lawyer's shelf with rare exception.

We have opened default judgments where the sole pleading was a Summons (Complaint Not Served) found to be so irregular or confusing as to excuse default. *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387 (1969); *Crawford v. Murphy,* 260 S. C. 411, 196 S. E. (2d) 503 (1973); *Thompson v. Wilder, supra.* Similarly, we have affirmed orders on appeal which have set aside default judgments for these same reasons. *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133 (1968); *Williams v. Carpenter, supra.*

While we have recognized in the case of *Williams v. Ray,* 232 S. C. 373, 102 S. E. (2d) 368 (1958), that service of a Summons and Complaint by an attorney's secretary and proof thereof by affidavit of the secretary are valid and in compliance with Sections 15-9-40 and 15-9-80, Code of Laws of South Carolina (1976), in our view a litigant chooses the poorest possible method of commencing an action in that way.

Although we do not disturb the holding of the *Williams* case in that respect, we disapprove of an attorney's law clerk serving a Summons without a Complaint which has the devastating potential of leading to a default judgment when proof of such service is shown by an affidavit of service only, without any acknowledgment from the party served. While *Williams* held such mode and proof of service of a Summons anl Complaint met the statutory requirements, there was in that case both the secretary's affidavit of service and a written acceptance of service by the defendant.

An affidavit of service is *prima facie* evidence of service which may be impeached by extrinsic evidence. *Laurens Trust Co., supra; MCC Financial Services, Inc., v. Duffel,* 265 S. C. 519, 220 S. E. (2d) 127 (1975). The proof by affidavit in this case is insufficient when confronted with the other facts and circumstances attending it. When these factors are coupled with appellant's counter-affidavit denying service, the cumulative effect entitles appellant to relief from judgment as a matter of right, and any finding of the trial judge to the contrary is controlled by error of law.[1]

We are cognizant of the North Carolina case of *Harrington v. Rice,* 245 N. C. 640, 97 S. E. (2d) 239 (1957), and the Virginia case of *Lamb v. Smith,* 195 Va. 1053, 81 S. E. (2d) 768 (1954), wherein those jurisdictions recognize the rule that an officer's return of process establishes the legal presumption of service, and such presumption cannot be impeached by the mere denial of service by the defendant. South Carolina is in accord with this principle, and we find nothing in it to obviate the result herein reached. See *Laurens Trust Co. v. Copeland, supra.*

---

[1] Appellant raised in its brief a question of due process in an award of judgment by default under these circumstances. We have not heretofore had occasion to consider whether the taking of a default judgment upon the service of a Summons (Complaint Not Served) reaches constitutional dimensions as violative of due process, nor do we consider it now since appellant did not raise this issue in the court below and by proper exception on appeal. *Smart v. Charleston Mobile Homes, Incorporated,* 269 S. C. 588, 239 S. E. (2d) 78 (1977).

In *Laurens Trust Co.,* as in the North Carolina and Virginia cases cited above, evidence of service was by way of an officer's return, not by affidavit of an employee of plaintiff's counsel. Furthermore, the defendants in those cases were served with a Summons *and* Complaint. Moreover, it is not the mere denial of service by appellant, but the extrinsic factors surrounding the service as well which require as a matter of law that we vacate the default judgment, set aside the service of the Summons, and reverse the order of the lower court. Accordingly, the action as to appellant is dismissed for want of jurisdiction.

Reversed and dismissed.

LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.

LEWIS, C. J., concurs in result.