**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joyce Porter and Edith Durham, Respondents,

v.

Jimmy L. Davis, Inc., and Jimmy L. Davis, Individually, Appellants.

Appellate Case No. 2022-000242

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-170
Submitted April 1, 2023 – Filed May 3, 2023

———————

**AFFIRMED AS MODIFIED**

———————

James S. Eakes, of Allen & Eakes, of Anderson, for Appellants.

M. Stokely Holder and Raford W. Bussey, Jr., both of Holder, Padgett, Littlejohn & Prickett, LLC, of Greenville, for Respondents.

———————

**PER CURIAM:**  Jimmy L. Davis, individually, and Jimmy L. Davis, Inc. (Davis) appeal two circuit court orders—one denying his motion to set aside an entry of default and one denying his motion to set aside a default judgment.  On appeal, Davis argues the circuit court erred in (1) failing to set aside the entry of default and (2) awarding damages.  We affirm as modified.

1.  We hold the circuit court properly denied Davis's motion to set aside the entry of default.  *See In re Est. of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997) ("The decision whether to set aside an entry of default is left to the sound discretion of the [circuit court].");  *Delta Apparel, Inc. v. Farina*, 406 S.C. 257, 265, 750 S.E.2d 615, 619 (Ct. App. 2013) ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion." (quoting *Roberson v. S. Fin. of S.C., Inc.,* 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005)));  *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("An abuse of discretion occurs when the [court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support.").

In this case, Michael McNamara filed an affidavit of service attesting that on May 22, 2019, he personally served Davis with the summons and complaint in this action at a BP station—one of Davis's job sites.  At the evidentiary hearing, McNamara testified he knew Davis from previous interactions, recognized Davis's truck at the BP station on May 22, and personally served Davis.  He also testified he previously worked as a law enforcement officer for twenty-seven years, had led several investigative units for the Greenville County Sheriff's Office, and had filed "several thousand" affidavits of service or non-service.  The circuit court found McNamara's testimony was "credible and compelling."  Davis filed an affidavit denying he was served, and his office coordinator testified Davis was not at the BP station on May 22, 2019.  Davis also provided a printout purporting to show he was at a different job site on the date in question; however, the office coordinator acknowledged the printout contained a discrepancy between the time and distance traveled, and she admitted a user could add a location to the map.  Thus, we hold the circuit court properly denied Davis's motion to set aside the entry of default. *See Fassett v. Evans*, 364 S.C. 42, 47, 610 S.E.2d 841, 844 (Ct. App. 2005) ("[A]n [officer's] return of process creates the legal presumption of proper service that cannot be 'impeached by the mere denial of service by the defendant.'" (quoting *Richardson Constr. Co. v. Meek Eng'g & Constr., Inc.*, 274 S.C. 307, 311, 262 S.E.2d 913, 916 (1980)));  *Richardson Constr. Co.*, 274 S.C. at 311, 262 S.E.2d at 915 ("An affidavit of service is [p]rima facie evidence of service which may be impeached by extrinsic evidence.");  *see also Laurens Tr. Co. v. Copeland*, 154

S.C. 390, 397-98, 151 S.E. 617, 620 (1930) (holding evidence had "clearly and convincingly established" the falsity of an affidavit of service when the sheriff's deputy whose signature appeared on the affidavit testified he had not served the defendant and had never seen her prior to the evidentiary hearing, uncontroverted evidence showed the signature on the affidavit was not that of the deputy, the defendant confirmed she had never seen the deputy before the hearing, and no evidence showed the defendant was served by another person). Thus, we affirm on this issue.

2. As to whether the circuit court erred in its award of damages, we affirm the default judgment as modified. Initially, we find evidence supports the circuit court's award of the following damages to Joyce Porter and Edith Durham: $94,790.40 for the down payment; $33,176.64 in prejudgment interest on the down payment; $1,003 for additional building plans; $1,320 for storage fees; and $601.72 for moving costs. *See Thompson v. Hammond,* 299 S.C. 116, 119, 382 S.E.2d 900, 902-903 (1989) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge."); *id.* ("This decision will not be reversed absent an abuse of that discretion."); *Weeks,* 329 S.C. at 259, 495 S.E.2d at 459 ("An abuse of discretion in setting aside a default judgment occurs when the [circuit court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support.").

However, we hold no evidence supported the circuit court's award of $12,500 for lost profits from the lot's sale. At the damages hearing, Durham testified she purchased two adjoining lots in a subdivision for a total of $25,000, and thereafter sold one lot to Davis for $12,500 and entered into a contract with Davis to build a home on the remaining lot. When Durham realized Davis had not finished the foundation of the home one month before the home was set to be completed and had made several errors in the building plans, she terminated the contract. Durham testified she was later forced to sell the remaining lot for $12,500. Because Durham acknowledged she purchased both lots for a total of $25,000 and subsequently sold each lot for $12,500 apiece, we find she did not suffer any losses from the sale. Thus, we strike this award of damages and affirm the default judgment as modified. *See Wells Fargo Bank, N.A. v. Marion Amphitheatre, LLC*, 408 S.C. 87, 90, 757 S.E.2d 557, 559 (Ct. App. 2014) ("[T]he principle that a plaintiff must prove his damages even when the defendant is in default applies to all damages claims in default cases.").

**AFFIRMED AS MODIFIED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.