*EX PARTE* PERRY STOVE COMPANY.

PHILLIPS &c. COMPANY v. RAY.

1. ATTACHMENT—MOTION TO VACATE—THIRD PARTY.—A subsequent attaching creditor, who does not claim ownership of the property attached, cannot intervene in a prior attachment proceeding, and move to have the prior attachment vacated for irregularity, but may have the proceeding set aside if void.
2. IBID.—IBID.—JUDGMENT.—A judgment is not void when the court has jurisdiction of the parties and the subject-matter; and the voluntary appearance of defendants by motion to vacate an attachment gives the court jurisdiction over the defendants as parties.
3. FOREIGN CONTRACTS—JURISDICTION.—The courts of this State have jurisdiction of the subject-matter, when it is a note given and payable in another State; nor can an objection on this point be raised by an intervening third party whose cause of action against defendants arose also in another State, and there is no testimony of any agreement to perform it in this State.

Before GARY, J., Spartanburg, March, 1894.

This was a motion by the Perry Stove Company in the case of Phillips & Buttorff Manufacturing Company against J. F. Ray and W. P. Wray. The facts, as agreed upon and incorporated in the Brief, are as follows:

On February 15, 1892, the plaintiff herein, which is a corpo-

ration chartered by the laws of Tennessee, and located and doing business therein, issued the summons herein, and, upon the complaint and affidavit and bond, obtained a warrant of attachment against the property of the defendants, which, when issued, was in the usual form, except that the amount of the plaintiff's demand was not stated in it, nor was it stated in the copy filed in the office of the R. M. C. for Spartanburg County. The amount of the plaintiff's demand was not stated in either until the warrant and copy were amended under the order of Judge Wallace herein, which order was as follows:

"Two motions are heard together—one to set aside an attachment granted by the clerk of this court, and the other to amend the warrant of attachment. The motion to set aside the attachment is made upon the following grounds, to wit: First, that the attachment was improvidently granted; second, that the attachment was irregularly granted; third, that it appears from the face of the papers that the clerk had no right to issue the writ of attachment. The preamble to the writ issued by the clerk recites that it was made to appear by affidavit that a cause of action existed against defendants in favor of plaintiff, and that the affidavits specified the amount of the claim and the grounds thereof, and that the defendants are non-residents of this State, and are disposing of their property to defraud creditors, and the plaintiff has given the undertaking required by law. Upon an examination of the record, these recitals are found as stated therein, save the recital that an undertaking had been given. It is stated in the argument that no undertaking is among the papers, but that plaintiff's attorney says there was one given at the time of the application. The clerk also recites that an undertaking was given. On this state of proof, I must infer that the undertaking was given. The plaintiff having shown by affidavit a cause of action, and the grounds and amount thereof, and that defendants are non residents of this State, and are disposing of their property to defraud creditors, and having given the undertaking required by law—all being done in a pending action—has brought itself within the strictest construction of the attachment law of this State. Code, §§ 248–250. It follows, therefore, that the plaintiff was enti-

12—43

tled to. a writ of attachment, and it was not improvident, irregular, or beyond the power of the clerk of the court to issue it. The clerk, therefore, properly granted the writ.

"The real ground to the defendant's motion, however, is that in the preamble to the writ, the amount of the claim is not stated, as required by statute. Code, § 252. The plaintiff moves to amend the writ by the insertion of the amount of the claim, and also by attaching the seal of the court to the clerk's name where it is signed to the copy of the writ. The question, therefore, is, is the writ void or voidable, and can it be amended? The rule is firmly established that the conditions upon which a writ of attachment may issue, as provided by statute, must be made to appear by affidavit at the time of the application, and that the statement of such condition is not amendable. *Wando Phosphate Co.* v. *Rosenberg*, 31 S. C., 307, *Ketchin* v. *Landecker*, 32 *Id.*, 157, and many other cases therein referred to. As seen above, these requirements have been met in this case, and the clerk properly granted the writ. The writ, therefore, is process issuing out of this court under its seal, and in a proceeding within its jurisdiction. It cannot be void for the omission of a recital of a fact in its preamble, and which is no part of its mandate. The plaintiff has done all required of it to entitle it to the writ. The writ itself was the act of the clerk, the officer of this court, and the court cannot allow parties to be prejudiced by the inadvertent omission of its officer to insert a statement of fact in the preamble to process in a proceeding in its jurisdiction. In the language of the Supreme Court of this State in the case of *Clark* v. *Melton*, 19 S. C., 509: The omission here was a mere irregularity in a matter not vital to the judgment [writ], but simply directory to the clerk, and may be corrected at any time. See 4 Wait. Prac., 648, where the following language occurs: 'The want of statutory requirement in any process or proceeding in an action may be supplied by amendment, for the provision in respect to amendments makes no distinction between statutory requirements and any other.'

"It is, therefore, ordered and adjudged, that the motion to vacate and set aside the writ of attachment be denied. It is further ordered and adjudged, that plaintiff have leave to

amend the warrant and the copy thereof by inserting therein the amount claimed, to wit: one hundred and fifty-six and seventy one-hundredths dollars, and by attaching the seal of the court to the clerk's name where it is signed in said copy. 5th September, 1893."

The plaintiff's cause of action was several notes given in North Carolina, for merchandise sold and delivered to the defendants in North Carolina, and were payable in North Carolina. The complaint alleged the execution of the notes sued on by the defendants; that they were due and unpaid, but did not state the consideration of them. The affidavits upon which the warrant was obtained, the order for publication, and the affidavit or proof of publication are correctly set out in Judge Gary's order. The original summons, and the copy published, stated that a copy of the complaint had been filed in the office of the clerk of the court. There was no affidavit of the mailing of copy summons to the defendants. On November 7, 1893, plaintiff entered up a personal judgment against both the defendants for $173.55, and $59.50 costs, and issued execution therefor. No personal service of the summons herein was ever made upon either of the defendants, and the judgment recites that the summons was served by publication. No entry was made in the books kept for that purpose in the office of the R. M. C. for Spartanburg County, of the name of parties, the date of the warrant, the sum demanded, and the officer's return thereon, and the copy of the warrant in the judgment roll is the only copy ever filed in said office.

On February 29, 1892, the Perry Stove Company, a corporation chartered by the laws of the State of New York, and located and doing business in said State, began suit in the Common Pleas in Spartanburg County, against the defendants. Its cause of action also arose in North Carolina. The summons in its case was served personally on both of the defendants in the State of South Carolina. Upon the verified complaint, affidavit, and bond, a warrant of attachment was obtained against the property of the defendants. On November 18, 1892, the

Perry Stove Company obtained judgment against the defend-
ants for $925.20, and $44.25 costs.   Execution was duly issued
thereon, November 18, 1892, and lodged with the sheriff, Feb-
ruary 28, 1893.   The property levied on and sold was a tract
of land in Spartanburg County, owned by James F. Ray.   It
was sold salesday in December, 1893, and brought $450, the
sale being made under the executions in the two cases above
mentioned.   A motion was made prior thereto by the defend-
ant, J. F. Ray, through his attorneys, Duncan & Sanders, to
dissolve the attachment; but the motion was refused by Judge
Wallace, who granted the order hereinbefore contained.   (The
bond which was then missing was subsequently found in the
clerk's office.)   The matters above set forth, as facts admitted,
are to be considered as admitted only in the event that it would
have been competent to prove them upon this motion.

The motion heard by Judge Gary was to vacate and set aside
the summons herein, and the service thereof, the warrant of
attachment, and the alleged levy and lien thereof, and the
judgment herein entered on the 7th day of November, 1893, in
so far as the same affect the rights of the Perry Stove Company
as an attachment and judgment creditor of the defendants.
The motion was upon the grounds which now constitute the
first nine grounds of this appeal.

His honor, Judge Gary, after argument of counsel, rendered
the following decree:

"This is a motion on the part of the Perry Stove Company
to vacate and set aside the summons, warrant of attachment,
and judgment entered in the case of Phillips & Buttorff Man-
ufacturing Company against James F. Ray and W. P. Wray.
The facts are, that Phillips & Buttorff Manufacturing Company
sued the defendants, James F. Ray and W. P. Wray, on the
15th of February, 1892, in the Court of Common Pleas for
Spartanburg County, for the amount due on their promissory
notes, which are described and set out in the complaint, on the
13th of February, 1892, upon the affidavit of Stanyarne Wil-
son, as attorney for plaintiff, stating 'that this is an action
upon four notes executed by defendants to plaintiff, of date
November 12, 1891, each being in the sum of one hundred and

twelve dollars and fifty cents, with interest from date at six per cent. per annum, and due, respectively, thirty, sixty, ninety, 'and one hundred and twenty days thereafter, no part of which has been paid, except the sum of three hundred dollars, paid (by note) February 1st, 1892; that the defendants are non-residents of the aforesaid State, and, after due diligence, could not be found therein, but that they reside in the town of Shelby, N. C.; that the defendant, James F. Ray, as appears upon the record in the office of R. M. C. of said County of Spartanburg, is seized and possessed of real estate therein.' On the 12th day of February, 1892, Robert T. Hopkins also made an affidavit similar to the one of Mr. Wilson. The affidavits are both before me as part of the record in the case just alluded to.

"On the 15th day of February, 1892, the clerk of the court for Spartanburg County issued a warrant of attachment to the sheriff of that county, and the sheriff duly levied the same on a tract of land belonging to the defendant, James F. Ray, on the 17th of February, 1892. This warrant of attachment was based upon the verified complaint in the cause and the affidavit above referred to. The clerk of court also issued an order, 'that the summons in this case be published once a week for six consecutive weeks in the Carolina Spartan, and that copies thereof be forwarded by mail at once (postage prepaid) to the defendants, at Shelby, N. C.' The record also contains an affidavit of Charles Petty, editor of the Carolina Spartan, stating that the summons in this cause, with the notice appended, were published in said paper once in each week for six successive weeks; the first publication being on Wednesday, the 17th day of February, 1892, and the last on the 23d day of March, 1892. On the 7th day of November, 1893, judgment by default was entered in favor of said plaintiff against the defendants for $173.55, and costs amounting to $59.60. On the same day execution was entered and lodged, and the land seized under the warrant of attachment was levied upon under this execution on the same day.

"Some time subsequent the defendants, through their attorneys, made a motion before his honor, Judge Wallace, to vacate

and set aside the attachment proceedings, and in connection with this motion the plaintiff made a motion to amend the attachment proceedings. Judge Wallace declined to vacate the attachment in a well-prepared opinion, and granted plaintiff's motion to amend the same. The judge held that the plaintiff had strictly complied with the attachment law of this State, and was entitled to the writ. From Judge Wallace's decree there was no appeal. On the 29th day of February, 1892, the Perry Stove Company filed their complaint against the said W. P. Wray and James F. Ray, and procured a warrant of attachment from the clerk of court directed to the sheriff of Spartanburg County; and on the 29th day of February, 1892, this attachment was also levied on the same land; and on the 18th day of November, 1892, judgment by default was entered in favor of the Perry Stove Company against the defendants, W. P. Wray and James F. Ray. The Perry Stove Company, as junior judgment creditor, makes this motion.

"Under the very recent case of *Gibson* v. *Everett*, 41 S. C., 25, I do not think the order for publication of the summons was irregular. It appears to me that the affidavits of Mr. Wilson and Mr. Hopkins fully come up to this requirement. Besides, the decree of Judge Wallace is the law of the case till it has been reversed. He decided that the statute has been fully complied with. From the foregoing, I fail to see any valid objection to the order of publication.

"Even, however, conceding that the attachment proceedings are irregular, it would not avail the plaintiff or mover in this motion. They, as junior judgment creditors, have no such equity as would enable them to take advantage of any such irregularity as they allege. They do not allege fraud, and, in the absence of fraud, they cannot be heard. After the decree of Judge Wallace, the defendants could not even move in the matter. The regularity of the attachment proceedings is *res adjudicata*. So the issue is narrowed down to the single inquiry, can a junior judgment creditor move to set aside a senior judgment upon the ground of illegality or irregularity in the proceedings in which the judgment was obtained? I hold that he cannot. This very point has been ruled upon by the Supreme

Court of this State in the case of *Darby & Co.* v. *Shannon*, 19 S. C., 526. The defendants having failed in their motion to vacate the attachment proceedings, thereby cured any irregularity that might have existed. The matters complained of are *res adjudicata* by Judge Wallace's decree, and the Perry Stove Company cannot again open them. The motion is, therefore, refused. 14th May, 1894."

From this decree the Perry Stove Company appealed on the following grounds: "Because his honor erred in refusing the motion to vacate and set aside the warrant of attachment and judgment herein, in so far as the same affects the rights of the Perry Stove Company: (1) Because the order for the publication of the summons herein was made without authority of law, in that the court did not have jurisdiction of the subject of the action. (2) Because said order, and the attempted service made thereunder, are both fatally defective, in that the order does not direct a copy of the summons to be forthwith deposited in the post office, directed to the person to be served at his place of residence. (3) Because there is no such proof as is required by law either that the summons was published for the length of time required by law, or that a copy thereof was forthwith deposited in the post office after the granting of said order, directed to the person to be served at his place of residence. (4) Because neither the original summons nor the summons as published stated where the complaint was or would be filed. (5) Because neither the original warrant of attachment nor the copy filed in the office of the clerk of the circuit court and register of mesne conveyance for Spartanburg County had the amount of the plaintiff's demand stated therein, in conformity with the complaint. (6) Because said warrant and copy were altered by the plaintiff after the levy of the warrant of attachment of the Perry Stove Company against the property of James F. Ray, and after the entry of the judgment of the Perry Stove Company against said Ray, upon whose property the warrant of attachment of the plaintiff herein had been levied, said alteration being in prejudice of the rights of the Perry Stove Company, whose attachment and judgment con-

stituted a lien upon said property. (7) Because no entry was made, in the book required by law to be kept in said office, of the names of the parties, the date of the warrant of attachment, the sum demanded, and the officer's return thereon, and, as such entry could not have been made from the copy filed, no lien was acquired. (8) Because it did not appear by affidavit that a cause of action existed in favor of the plaintiff against the defendants, or either of them, in which the amount of the claim and the grounds thereof were specified. (9) Because the entry of a personal judgment against the defendants was wholly unauthorized. (10) Because the presiding judge erred in holding that the order of Judge Wallace was the law of the case, and that the Perry Stove Company was concluded by it. (11) Because the presiding judge erred in holding that, in the absence of an allegation of fraud, the Perry Stove Company could not be heard. (12) Because the presiding judge erred in holding that, because the defendant, James F. Ray, had failed in his motion to vacate the attachment, all defects in the proceedings were thereby cured, and the matter was *res adjudicata* as to the Perry Stove Company."

*Messrs. Carlisle & Hydrick*, for appellant.

*Mr. Stanyarne Wilson*, contra.

February 18, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The agreed statement of facts set forth in the "Case," including the order of his honor, Judge Wallace, upon which his honor, Judge Gary, heard the case on Circuit, the order of Judge Gary and appellant's exceptions will be incorporated in the report of the case.

The first question we will consider is: Did the appellant have the right to make the motion to set aside the summons issued by the plaintiff herein, the service thereof, the warrant of attachment, the levy and lien thereof, and the judgment therein entered on the 7th of November, in so far as the same affect the rights of the Perry Stove Company, as an attachment and judgment creditor, on account of the irregularities alleged by the appellant. Prior to the amendment of

the Code in 1882, the appellants had no such right, as shown by the case of *Copeland* v. *P. & A. Life Ins. Co.*, 17 S. C., 118, in which the court uses this language: "Under the former attachment acts of force before the adoption of the Code in March, 1870, it had been repeatedly decided that no one but the defendant in the attachment could question the regularity of the proceeding, or move to dissolve it on that ground, not even the garnishee, although served with process. In *Foster* v. *Jones*, 1 McCord, 116, it is said: 'A garnishee has no right to question the regularity of the proceeding against an absent debtor.' In *Kincaid* v. *Neall*, 3 McCord, 201, the court held 'that a person, though a judgment creditor, cannot set aside the lien of the attachment on account of irregularities.' In *Camberford* v. *Hall*, 3 McCord, 345, it was decided that no one but the debtor himself could take advantage of errors in the judgment rendered against him; that a garnishee could not object to errors or irregularities in the attachment proceedings. In *McBride* v. *Floyd*, 2 Bail., 214, Judge O'Neall said: 'It has been often decided that neither a garnishee, a creditor of the debtor, nor any person other than the debtor himself, can question the regularity of the proceedings in attachment.' See, also, *Chambers* v. *McKee*, 1 Hill, 229; *Harper* v. *Scuddy*, 1 McMull., 265. These cases would be conclusive under the old law as to irregularities. Has this been changed under the new? Our present attachment act is found in the Code, part 11, title VII., chap. IV. In section 265, there is a provision that *defendants* may move to discharge attachments, but this privilege does not extend beyond defendants. There is nothing said as to others. This section seems to be a legislative declaration of the law as it formerly stood. As Blakey is not a defendant, he cannot come in under any provisions of the act, and he is excluded under the decisions above referred to from questioning these attachments for irregularity."

In the case of *Metts* v. *P. & A. Life Ins. Co.*, 17 S. C., 120, it is held that a third party has no right to intervene and move to set aside an attachment upon the ground that the attached property belongs to him and not to the defendant. In 1882, section 263 of the Code was amended, so that the portion re-

ferred to in the case of *Copeland* v. *P. & A. Life Ins. Co.*, *supra*, now reads as follows: "And in all cases the defendant, *or any person who establishes a right to the property attached*, may move to discharge the attachment, as in the case of other provisional remedies" (italics ours). This amendment was adopted for the purpose of enabling third parties, as in the case of *Metts* v. *P. & A. Life Ins. Co.*, *supra*, to move to set aside the attachment proceedings for irregularity where they claimed to be owners of the property, or to have a right to the possession thereof, but not for third parties generally to attack such proceedings, as in the case at bar. We are, therefore, of the opinion that the appellant did not have the right to move to set aside said proceedings for the alleged irregularities. If the said attachment proceedings and the judgment entered therein by the plaintiff were absolutely null and void, and not merely voidable, then the appellant had the right to have them so declared.

The next question we will, therefore, consider is: Were said attachment proceedings and the judgment entered therein absolutely null and void? The case of *Turner* v. *Malone*, 24 S. C., 398, shows that the judgment is not void where the court had jurisdiction of the subject-matter in controversy and of the parties to the judgment. The voluntary appearance of the defendants in the case, where they made a motion before his honor, Judge Wallace, to vacate and set aside the attachment proceedings, gave the court jurisdiction of them.

It is, however, claimed by the appellants that the court did not have jurisdiction of the subject of the action. We suppose this objection is made because it is stated in the case that the plaintiff's cause of action was several notes given in North Carolina for merchandise sold and delivered to the defendants in North Carolina, and were payable in North Carolina. This question is settled by the case of *Gibson* v. *Everett*, 21 S. C., 22, holding that the court has jurisdiction in the cases similar to the one at bar. See, also, *Campbell* v. *Home Ins. Co.*, 1 S. C., 158. But even if this was not so, the appellant is not in a position to make such objection. Its cause of action also arose in North Carolina, and in the absence of testimony showing that the contract was to be performed elsewhere, the place

of the making of such contract is presumably the place of its performance. There is no such testimony in this case. *Tillinghast* v. *Boston &c. Co.*, 39 S. C., 484. It is true, the appellant served the judgment debtors personally within this State with a copy of the summons, but the judgment debtors subjected themselves to the jurisdiction of the court in the case brought against them by the plaintiff, by voluntarily appearing in the case for the purpose hereinbefore mentioned. Black Judg., section 227. These views render it unnecessary to consider specifically the appellant's exceptions.

It is the judgment of this court, that the order of the Circuit Court be affirmed.