16788

CORLEY v. WELLS *ET AL.*

(78 S. E. (2d) 186)

*Mr. Norbert A. Theodore,* of Columbia, *for Appellant,*

*Messrs. T. P. Taylor* and *Isadore S. Bernstein,* of Columbia, *for Respondents,*

October 12, 1953.

TAYLOR, Justice.

This appeal is from an Order of the Honorable Legare Bates, Judge of the Richland County Court, in which a report of the Master in Equity for said county was confirmed.

The facts, very briefly stated, are that plaintiff obtained a judgment against defendants on a verdict rendered on March 25, 1949, in the amount of $1,000.00 which judgment was duly entered on the records of Richland County. Thereafter,

on September 19, 1950, defendants'-appellants' attorneys filed a petition in the County Court seeking to have the said judgment declared void on the grounds that the trial Court lacked jurisdiction in that no summons or process was served as required by law and that proof of service in the record failed to show that service of process was duly and properly made. This matter was referred to the Master in Equity for Richland County who in due course took testimony and filed his report recommending that the said judgment be vacated and declared void and that the defendants be allowed a reasonable time within which to answer the complaint. From this Order both parties appeal, plaintiff-appellant posing four exceptions and defendants-appellants posing two exceptions.

In the view that we take of the case it is necessary only to consider one exception, that being No. 2 of the plaintiff's exceptions to the effect that the Court erred in finding and concluding that the affidavit of service could not be supplemented for the purpose of curing the defects therein.

Section 440, Vol. 1 of the 1942 Code (now Section 10-409 of the 1952 Code), which is applicable to the controversy here, provides:

"At any time in its discretion and upon such terms as it deems just the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

In construing the foregoing section of the Code, the Master in Equity evidently failed to consider the amendment to Section 440 of the 1932 Code which appears as the same section in the 1942 Code. This amendment was added in 1941 and is to the general effect that at any time in the discretion of the Court and on such terms as it deems just the Court may allow any process or proof of service to be amended unless it clearly appears that material prejudice will result to the substantial rights of the party against whom the process issued.

It is accordingly the opinion of this Court that exception two of the plaintiff-appellant should be sustained and that the entire matter be remanded to the Richland County Court and to the Master in Equity with directions that the Master make specific findings of fact under the aforementioned amendment: (1) as to whether the process in question was properly served and (2) whether or not the proof of service would, when amended, result in substantial prejudice to the rights of the defendants-appellants; and it is so ordered.

BAKER, C. J., and STUKES and OXNER, JJ., concur.

FISHBURNE, J., not participating.