229 S.C. 8 (1956)
91 S.E.2d 538
In re H.S. CHISHOLM, Incorporated, Plaintiff-Respondent,
v.
KEITH KLINGER, Defendant-Appellant. In re R.P. ELLINGSON, M.T.N. ELLINGSON, ROBERT P. ELLINGSON, JR., DONALD ELLINGSON, S.H. ELLINGSON and D.G. BALDERSON, individually and as co-partners doing business under the name and style of Ellingson Lumber Co., Plaintiffs-Respondents,
v.
KEITH KLINGER, individually and doing business under the name and style of Keith Klinger Lumber Company and Dorothy Klinger, Defendants-Appellants. Ex parte H.S. CHISHOLM, Incorporated, and R.P. ELLINGSON, M.T.N. ELLINGSON, ROBERT P. ELLINGSON, JR., DONALD ELLINGSON, S.H. ELLINGSON and D.G. BALDERSON, individually and as co-partners doing business under the name and style of Ellingson Lumber Co., Plaintiff-Respondents,
v.
KEITH KLINGER, individually and doing business under the name and style of Keith Klinger Lumber Company and Dorothy Klinger, Defendants-Appellants.
17119
Supreme Court of South Carolina.
February 16, 1956.
*9 Messrs. F. Ehrlich Thomson and Samuel R. Preston, of Columbia, for Appellants.
Messrs. F. Ellison Walker, Clarke W. McCants, Jr. and Winter & Winter, of Columbia, for Respondents.
*10 February 16, 1956.
STUKES, Justice.
This action was commenced by service of a rule to show cause, instead of a summons, and petition which should have been denominated a complaint. The material allegations of the petition are that H.S. Chisholm, Incorporated, obtained a money judgment in the Richland County Court on May 13, 1952, against Keith Klinger, execution upon which was returned by the sheriff nulla bona on September 16, 1952; Ellingson Lumber Co., a partnership, recovered judgment in the same court in July 1952 against Keith Klinger in the sum of $2,050.22, execution upon which was returned by the sheriff nulla bona on December 15, 1952; on May 29, 1952, Klinger conveyed to his wife, Dorothy Klinger, by two deeds, certain described real estate in Richland County for the purpose of hindering, delaying and defeating the rights of his creditors particularly the petitioners; wherefore petitioners prayed for issuance of rule to show cause against Keith Klinger and Dorothy Klinger why the deeds should not be declared void.
The court issued its rule which recited the judgments and nulla bona executions and the conveyances by the judgment debtor to his wife, Dorothy Klinger, both of whom were ordered to show cause on July 25, 1953, why the conveyances by the judgment debtor to his wife should not be declared void. The rule was signed by the Judge of the Court.
Counsel for defendants appeared on the return date (was heard four days later  on July 29, 1953) and contested the jurisdiction of the court upon the ground that personal service of the petition and rule was made upon the defendants in Louisville, Kentucky. The objection to the jurisdiction *11 was overruled by order of the court dated August 5, 1953, upon the ground, in effect, that the action involved the setting aside of conveyances of real estate situate within the State and service of process beyond the jurisdiction is authorized by Sections 10-451 to 10-455 of the Code of 1952; and the matter was referred to the master under a general order of reference. There was no appeal from this order.
The master held a reference of September 2, 1953. In his report there is reference to a special appearance by counsel for and on behalf of the defendants, but the counsel participated in the reference and objected to the admission of certain evidence and made a motion to dismiss the proceeding, quoting from the record, "on the grounds that there hasn't been any evidence to show that the property was transferred for the purpose of defeating these creditors. * * *." The record contains counsel's argument in support of his motion. He subsequently added other grounds for the motion to dismiss as shown in the following excerpts from the record:
Defendants' counsel, Mr. Preston:
"* * * I move to dismiss and appear especially to contest the jurisdiction of this case, in that the procedure was on its face a new action; there are two judgment creditors combining in a suit against Klinger, Keith Klinger and Dorothy Klinger and Dorothy Klinger was not a party to the two suits where the judgments were gotten, and she is a party to this; and, as I stated, it shows on its face that it is a new cause of action. The defendants or respondents in this case have not been properly served. This is a rule to show cause and a petition, but no summons has been served. * * *
"So, to sum it up, in the first place, I am appearing especially, and I say this has no standing, as no summons has been served, and the Barringer property has been received by a purchaser for value prior to the filing of lis pendens *12 the following year, and the present holder of the property on Spring Lake Road, which is the other conveyance, R.D. Heinitsh Corporation, cannot be set aside because he is a purchaser for value, and the lis pendens has expired by law; of course, coupled with the fact that I claim there has been absolutely no evidence that any of the conveyances or transactions were made for the purpose of defrauding the creditors. * * *
"We contend that no action has been commenced according to the statute and serving a summons within sixty days after filing notice of pendency of the action.
"The Master: Did you argue that point before Judge Bates?
"Mr. Preston: No, we argued jurisdiction  that they were not served; they were served by rule to show cause. Since they were in Kentucky, you couldn't order them to appear before his Court. He said it was in personam and I said it was in rem."
The master made report in which he recommended that defendants' objections to the jurisdiction of the court be overruled upon the ground that the petition and rule contained the substantial requisites of a summons and the defendants are properly before the court; that the defendants be given twenty days to file and serve their return to the petition and rule; and the matter proceed on the merits. Exceptions to the report were overruled by the court and it was confirmed, and the defendants were allowed twenty days to file and serve their return. This appeal followed.
Appellants' first two questions on appeal may be combined into the query whether an action may be commenced by the service of a rule to show cause instead of a summons. Section 10-401 of the Code of 1952 provides that civil actions in courts of record shall be commenced by service of a summons. However, the device or rule to show cause has heretofore been approved, or rather excused, by the court; and the lower court properly followed *13 in this case the precedent of Beard-Laney, Inc., v. Darby, 208 S.C. 313, 38 S.E. (2d) 1, 3, from the opinion in which the following is quoted:
"Every requisite of a summons was contained in the order which was served on appellant along with the amended complaint. While this order was not `subscribed by the plaintiff or his attorney,' surely a notice and a command issued by the Court itself should be as efficacious as one issued by the party to an action or his attorney. The position of appellant is highly technical and under the circumstances of this case cannot be soundly sustained.
"The following language of the Court in State ex rel. Wolfe v. Sanders, 118 S.C. 498, 110 S.E. 808, quoted with approval in the subsequent cases of Heyward v. Long, 178 S.C. 351, 183 S.E. 145, 114 A.L.R. 1130, and Dacus v. Johnston, Governor, 180 S.C. 329, 185 S.E. 491, is apposite to the circumstances of the instant case: `The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action and an opportunity to appear and defend. While Code Civ. Proc., § 178 (now Section 10-402 of the 1952 Code), et seq., prescribes the requisites of the summons, it does not provide that it shall be in any particular form. And when we consider the purpose of the summons, in the light of the proceedings, had in this case, particularly the provisions contained in the order of the Chief Justice and the allegations of the petition or complaint, and the prayer thereof, it is clear that the objection of defendant is purely and highly technical, and that to sustain it would be to sacrifice substance to form, because the order and the petition together contained substantially every requisite of a summons prescribed by the Code, and defendant was neither misled nor prejudiced in the slightest by the failure to serve him with a summons in due and regular form. While, as said, the service of a summons is the manner prescribed by the Code, and the usual means of acquiring jurisdiction of the person of the defendant, and therefore it ought to be observed in *14 practice, as ought all other rules prescribed for an orderly system of procedure, nevertheless, it is well understood by the profession, and it has frequently been held by the Courts, that it is not the only method by which jurisdiction of the defendant may be acquired.'"
There is another compelling reason to sustain the lower court. "A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." Code, § 10-406.1. As the above advertences to the record show, appellants first appeared to contest the jurisdiction of the court because the service upon them was outside the State. Upon the overruling of that and reference to the master they appeared before him, participated generally in the reference without reservation, and contested the action on the merits, moved to dismiss on the merits, and thereafter belatedly made the presently argued point that they should have been served with summons rather than rule to show cause. Question of jurisdiction of their persons was waived by appellants under all of these circumstances. "The voluntary appearance of the defendants in the case, where they made a motion * * * to vacate and set aside the attachment proceedings, gave the court jurisdiction of them." Ex parte Perry Stove Co., 43 S.C. 176, 20 S.E. 980, 984. "Any action by the defendant which really amounts to an intent to be in court is also a voluntary appearance." Stephens v. Ringling, 102 S.C. 333, 86 S.E. 683, 685. Appellants utterly failed to conform to the procedure required of a defendant who would preserve a jurisdictional question after adverse ruling upon it. Section 10-648 et seq. of the Code. South Carolina State Highway Dept. v. Isthmian S. S. Co., 210 S.C. 408, 43 S.E. (2d) 132.
The original proofs of service of the petition and rule by a deputy sheriff of Jefferson County, Kentucky, purported to show personal service upon the defendants in the City of Louisville on July 5, 1953, which was a Sunday. Point was first made thereof by appellants after appeal to this court was taken. Thereupon respondents procured *15 corrected proofs of service which showed that it was made on July 6 and that the original proofs contained clerical errors, which was substantiated by the records in the office of the sheriff. Nevertheless appellants' third question here is, May a civil process be legally served on Sunday? Section 10-471 of the Code forbids it, except in attachment. However, amended proofs of service were filed, pursuant to permission of the court and are part of the record, which establish that the service upon appellants was not on a Sunday, but on the next day, and the original proofs were in error. No prejudice resulted to appellants and it was proper to allow corrected proofs to be filed. The court was expressly authorized to allow the amendments of the proofs of service, within its discretion, by Section 10-409 of the Code. Corley v. Wells, 224 S.C. 198, 78 S.E. (2d) 186. Moreover, defects in the process and the service of it were waived by the appearance of appellants by counsel whereby they subjected themselves to the jurisdiction of the court, as pointed out above in the disposition of the first two questions.
Appellants' final question, which was not raised in the lower court, attacks the jurisdiction of the court upon the ground that the rule to show cause was not filed in the office of the clerk of court until after service of it upon the appellants. It was filed before they appeared by counsel at the hearing before the master and subjected their persons to the jurisdiction of the court, as has been seen; but it is claimed that this point goes to the jurisdiction of the subject matter, whereby it may now for the first time be raised on appeal. Cited to sustain this position are decisions holding that an order or judgment of a court is effective only from the filing of it, among them Dunton v. Harper, 64 S.C. 338, 42 S.E. 153, and Carroll v. Cash Mills, 125 S.C. 332, 118 S.E. 290. But here the rule, albeit in the form of an order, was in the nature of a summons and served in the place of such, and the cited authorities are therefore not applicable. No similar authority has been cited, and we know of none, which involved a rule to show cause.
*16 One of the purposes of filing is to give notice. Dunton v. Harper, supra. The following is from Waring v. Johnson, 161 S.C. 522, 526, 159 S.E. 829, 830: "When a judge, in either open court or at chambers, grants an order, it should be forthwith filed with the clerk of court and become a public record, that those who are interested therein may not only know that it is a valid order and subject to enforcement, but that they may be acquainted with the terms thereof." Here the appellants had actual notice of the issuance and contents of the rule by the personal service of it upon them, and in response to it they appeared by counsel. We hold that the failure to more promptly file the rule did not deprive the court of jurisdiction of the subject matter of the suit.
The exceptions are overruled.
Affirmed.
TAYLOR, OXNER and LEGGE, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.