## 20118

MCC FINANCIAL SERVICES, INC., Respondent, v. Mildred DUFFEL, Appellant.

(220 S. E. (2d) 127)

520

*Messrs. Culbertson and Whitesides,* of Laurens, *for Appellant,* cite:

*Messrs. Townsend and Thompson,* of Laurens, *for Respondent,* cite:

*Messrs. Culbertson and Whitesides,* of Laurens, *for Appellant,* in Reply.

Nov. 26, 1975.

LEWIS, Chief Justice:

The question at issue concerns the validity of substituted service of the summons, complaint, and other initial pleadings in this claim and delivery action.

Respondent instituted this action in claim and delivery against appellant leaving copies of the Notice of Right to Preseizure Hearing, Summons, Complaint, Affidavit, and Bond with appellant's fifteen (15) year old son, at appellant's home, on March 15, 1975. Appellant failed to respond to the notices contained in the pleadings and respondent took possession of the property involved on March 28, 1975. Subsequently, appellant, on April 3, 1975, served notice of motion to quash and set aside the purported service of the pleadings on her on the ground that the return or proof of service failed to show that service was effected in accordance with the provisions of Section 10-2507 of the 1962 Code of Laws, as amended, so as to give the court jurisdiction. This appeal is from an order of the lower court denying the motion upon a finding that service was properly made.

Section 10-2507 provides that service of the affidavit, notice and undertaking in a claim and delivery action shall be served on the defendant by delivering a copy thereof to him "personally, if he can be found, or to his agent, from whose possession the property is taken, or, if neither can be found, *by leaving them at the usual place of abode of either, with some person of suitable age and discretion."* (Emphasis added). Section 10-438 of the 1962 Code of Laws, with similar provisions, governs the service of the summons and complaint.

The proof of service, signed by a deputy sheriff, was as follows:

"The undersigned deponent being duly sworn, says that he served a copy of the Notice, Summons, Complaint, Affi-

davit and Bond . . . on the defendant by delivering to Rodney Duffel personally and leaving with him copies of the same at his home for his mother, Mildred Duffel . . . 15th day of March 1975 . . . ."

Upon the hearing of the motion to set aside service, appellant filed an affidavit that Rodney Duffel, with whom the papers were left, was her son, that he was fifteen (15) years of age, and never delivered the pleadings to her. At the same time, the trial judge permitted respondent to file, over appellant's objection, a supplemental affidavit of the officer who signed the original proof of service, to the effect that Rodney Duffel with whom the pleadings were left was a person of discretion, competent to understand and appreciate the seriousness associated with the pleadings and that the said Rodney Duffel did deliver the pleadings to his mother, with whom he lived, as evidenced by the acknowledgment to the officer on March 17th, two days after the service on her son, that she had received the pleadings.

The foregoing statutes (10-2507 and 10-438) required that appellant be served personally or that the pleadings be left at her usual place of abode, with some person of suitable age and discretion.

The original affidavit of service fails to show that the said Rodney Duffel, with whom the pleadings were left, was a person of discretion, nor does it show that appellant resided at that place. However, when the original and supplemental affidavits of the deputy sheriff are considered together, the deficiencies in the original are supplied. Both affidavits formed the basis for the finding by the lower court that appellant was properly served with the pleadings.

Appellant's basic contention is that the issue of service must be determined solely upon the original affidavit of service and that the trial judge was in error in permitting the original to be supplemented or supported by the subsequent affidavit of the officer who served the papers, relying upon the case of *Matheson v. McCormac,* 186 S. C. 93, 195 S. E.

122 and *Cannon v. Haverty Furniture Company,.* 179 S. C. 1, 183 S. E. 469. These cases are not controlling. They simply hold that the recitals in a judgment, showing a lack of jurisdiction because of defective service of process, cannot be contradicted, in a collateral proceeding, by any evidence outside of the record. 49 C. J. S. Judgments Section 426(b) (c), pp. 846, 848.

We think this case is more properly analogous to the earlier cases of *Laurens Trust Co. v. Copeland,* 154 S. C. 390, 151 S. E. 617 and *Dill-Ball Company v. Bailey,* 103 S. C. 233, 87 S. E. 1010, where the issue of service was raised in the original action. In these circumstances, the Court looked beyond the face of the Affidavit of Service to determine whether or not actual service was obtained in compliance with the applicable statute. These cases are to the effect that the Affidavit of Service is only prima facie evidence of the facts stated therein and, where directly attacked, may be impeached by extrinsic evidence.

The entire record convinces us that the actual service in this case was made in compliance with Sections 10-2507 and 10-438; accordingly, the order under appeal is affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

NESS, J., concurs in result only.

NESS, Justice (concurring in result):

I concur in result of the opinion of Mr. Justice Lewis. In my view the Court need not distinguish the cases relied upon by appellant. Section 10-409 of the Code expressly grants the trial judge discretion to allow amended proof of service at any time unless "it clearly appears that material prejudice would result." *Corley v. Wells,* 224 S. C. 198, 78 S. E. (2d) 186 (1953). The trial court found the defendant's son was a person of discretion and service was proper. There was no abuse of discretion. She did not fail to answer relying on the

error in proof of service as being jurisdictional; rather she asserts the boy never delivered papers to her. In any event she has suffered no prejudice as the trial court extended her time to answer.