21955

Ex Parte CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, as Executor and Trustee of the Estate of William J. Brockington, Respondent, v. FIRST PALMETTO STATE BANK AND TRUST COMPANY, INC., and Daniel W. Davis, Jr., and John W. McIntosh, d/b/a Lincoln Investments, Respondents, of whom First Palmetto State Bank and Trust Company, Inc., is Appellant. In re CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, as Executor and Trustee of the Estate of William J. Brockington, Plaintiff, v. Daniel W. DAVIS, Jr., and Carla Donen Davis (formerly Carla Donen Goldstein), d/b/a Donen Enterprises, Liberty Life Insurance Company and Daniel W. Davis, Jr., and John W. McIntosh, d/b/a Lincoln Investments, Defendants.

(305 S. E. (2d) 80)

*Joe E. Berry, Jr.,* of *Berry, Dunbar & Woods,* Columbia, *for appellant.*

*James S. Chandler, Jr.,* of *Callison, Tigh & Rush,* Columbia, *for respondent.*

July 14, 1983.

NESS, Justice:

Respondent C & S Bank instituted this action upon a Petition and Rule to Show Cause to require appellant First Palmetto State Bank to partially release a mortgage. Appellant contends the trial court lacked jurisdiction. We agree and reverse.

Respondent obtained an order in a previous action requiring Lincoln Investments, a partnership, to partially release the mortgage. Although Lincoln Investments assigned the mortgage to appellant prior to the hearing in that action, appellant was not made a party. Lincoln Investments executed the release as required by the Order; however, since it had previously assigned the mortgage to appellant, the release was of no effect.

Respondent then served appellant with a Petition and Rule to Show Cause, returnable in twelve days, seeking an order requiring appellant to execute a release. Appellant contends the rule to show cause was insufficient to vest the court with jurisdiction.

We have previously excused the use of the Rule to Show Cause to obtain jurisdiction when it contained the essential elements of a valid Summons. *H. S. Chisholm, Inc. v. Klinger, et al.,* 229 S. C. 8, 91 S. E. (2d) 538 (1956); *Beard-Laney, Inc., et al. v. Darby, et al.,* 208 S. C. 313, 38 S. E. (2d) 1 (1946). We think one of the most important elements of a Summons is the time it allots for the defendant to appear. In this case, the Rule to Show Cause was returnable in twelve days rather than the twenty days[1] then required of a Summons. We hold the Rule to Show Cause did not contain the substantial requisites of a Summons, and thus the court did not acquire jurisdiction over the appellant.

Reversed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

HARWELL, J., not participating.

---

[1] Now thirty days, Circuit Court Rule 102.