#### 22603

COLLINS MUSIC COMPANY, INC., Appellant v. William Bryant LORD, individually and d/b/a Half Way House; Billy Hindman, individually and d/b/a Hindman Music Company; and Thomas L. Hall, Sr., Defendants, of Whom Billy Hindman, individually and d/b/a Hindman Music Company, is Respondent.

(346 S. E. (2d) 724)

Supreme Court

*Robert P. Foster* of *Foster & Mitchell*, Greenville, *for appellant.*

*Julius B. Aiken* and *William J. Barnes*, Greenville, *for respondent.*

Heard March 11, 1986.

Decided Aug. 4, 1986.

FINNEY, Justice:

The appellant Collins Music Company, Inc., was granted a default judgment on November 5, 1979, against the respondent Billy Hindman, individually and d/b/a Hindman Music Company. By order dated August 9, 1983, the respondent was required to appear before the master-in-equity for the purpose of supplemental proceedings on the default judgment.

The respondent timely filed and served a Return to Order to Show Cause on August 26, 1983. Respondent, after agreement between the parties at a pretrial conference, filed and served a notice of motion seeking to quash the August 9, 1983, Order to Show Cause on the grounds tht 1) the trial court never obtained personal jurisdiction over the respondent because the proof of service was defective, 2) the respondent was not given notice of a hearing on the issue of damages, 3) the petition failed to state a cause of action, and 4) the Sheriff's Department had levied upon the respondent's property, but it had not been sold pursuant to the levy.

This matter was heard on September 23, 1983. The trial court in its order dated April 23, 1984, found that the proof of service did not show affirmatively that the service of process was correctly made, that the court never acquired personal jurisdiction over the respondent, and that the acts based thereon are void. Accordingly, the trial court granted respondent's motion to quash the order requiring him to appear for supplemental proceedings and this appeal followed.

The question before this Court is whether the substitute service of process was valid under S. C. Code Ann. § 15-9-520 (1976). The affidavit of service reads:

> On the 13th day of September, 1979, I served the within Summons and Complaint upon Billy Hindman individually and d/b/a Hindman Music Company whom I know to be the persons named therin by delivering to William Bryant Lord personally and leaving copy of same at 214-A, South Main Street, Greer, South Carolina. I am not a party to this proceeding.

The respondent contends that the appellant failed to comply with Section 15-9-520, relying upon the cases of *Cannon v. Haverty Furniture Company*, 179 S. C. 1, 183 S. E. 469 (1935); and *Matheson v. McCormac*, 186 S. C. 93, 195 S. E. 122 (1938), as compelling authority. Under § 15-9-520 substitute service of process may be effected by personally serving a person of discretion at a defendant's residence or place of business. Respondent argues there is nothing in the affidavit of service to show he resided at the location served, did business there, that William Bryant Lord was a person of discretion, or was employed by the respondent. He also argues the affidavit of service could not be supplemented by extrinsic evidence at the hearing on respondent's motion to quash the supplemental proceeding because this was a collateral attack rather than a direct attack on the judgment. See *Singleton v. Mullins Lumber Co.*, 234 S. C. 330, 108 S. E. (2d) 414 (1959); *Cannon v. Haverty Furniture Co.*, 179 S. C. 1, 183 S. E. 469 (1935); 49 C.J.S. *Judgments* § 409, p. 813.

We agree with the respondent that pursuant to *Cannon v. Haverty Furniture*, *supra*, and *Matheson v. McCormac*, *supra*, the affidavit in this case is deficient because it fails to state that the person served was a

person of discretion or employed by the respondent, and it fails to show that the address served was respondent's place of business. However, these cases are not controlling. As stated in *MCC Financial Services, Inc. v. Duffel,* 265 S. C. 519, 220 S. E. (2d) 127 (1975):

> [t]hey simply hold that the recitals in a judgment, showing lack of jurisdiction because of defective service of process, cannot be contradicted, in a collateral proceeding, by any evidence outside of the record. 49 CJS *Judgments,* § 426bc, pp. 846, 848.

It is our view this particular action is not a collateral proceeding, but the respondent is attempting to *directly* attack the judgment. Although the respondent disguises his action as collateral, only to quash the hearing on the supplemental proceeding, his attempt is to effectively set aside the judgment, which it appears he is not able to accomplish properly under S. C. Code Ann. § 15-27-130 (1976) (procedure for setting aside judgment).

The case of *McC Financial Services, Inc. v. Duffel,* 265 S. C. 519, 220 S. E. (2d) 127 (1975), and *Dill-Ball Company v. Bailey,* 103 S. C. 233, 87 S. E. 1010 (1916), are more properly applicable in this case. The Court held in these cases that where the issue of service is raised directly, then it is incumbent upon the court to look beyond the face of the affidavit of service to determine whether the applicable statute has been complied with.

The appellant introduced sufficient evidence at the hearing on respondent's motion to vacate the supplemental proceddings to cure the deficiency in the affidavit of service. The process server, Charlie Staton, testified that he left a copy of the summons and complaint with William Bryant Lord, respondent's brother-in-law, at respondent's place of business. Appellant also introduced an affidavit from the Greenville County Tax Collector and excerpts from the Greer City Directory showing William Bryant Lord was employed at the respondent's place of busines and showing the business address corresponded with the affidavit of service.

Respondent did not cross examine or offer any evidence to contradict or refute the evidence introduced by appellant. Respondent also does not deny that he actually received a

copy of the summons and complaint; he only objects to the form of the affidavit of service. The trial court erred in not considering the evidence showing the respondent was in fact properly served by substitute service of process under S. C. Code Ann. § 15-9-520 (1976).

We reverse the order of the trial court and remand for a hearing for the purpose of supplemental proceedings on the default judgment.

Reversed and remanded.

NESS, C. J., and GREGORY and CHANDLER, JJ., concur.

HARWELL, J., not participating.