566 S.E.2d 196

Ex Parte **SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant,**

**Sandra C. McClure, Respondent**

v.

**Felder Elliott, Defendant.**

**No. 3530.**

Court of Appeals of South Carolina.

Submitted June 3, 2002.

Decided June 27, 2002.

---

General Counsel & Deputy Director Harry T. Cooper, Jr., Chief Counsel for Revenue Litigation Ronald W. Urban and Counsel for Revenue Litigation Joe S. Dusenbury, all of Columbia, for appellant.

Troy Guerard Knight and Jennifer L. Queen, both of Summerville, for respondent.

HOWARD, J.:

The South Carolina Department of Revenue ("SCDOR") appeals the master-in-equity's order extinguishing its lien on property owned by Feldor Elliott. SCDOR argues the master did not have personal jurisdiction to enter the order. We agree and vacate.

## FACTS/PROCEDURAL HISTORY

In November 1998, Sandra McClure brought suit against Elliott, seeking to foreclose a mortgage McClure held against Elliott's property. Elliott failed to answer McClure's summons and complaint and a default judgment was entered against Elliott. The master ordered a public sale of the mortgaged property which was finalized in August, 2000.

Following the sale, McClure discovered SCDOR also held a lien against the foreclosed property. SCDOR was not named as a party in the initial suit. In March 2001, McClure filed a motion for a rule to show cause, which the master issued. The rule instructed SCDOR to appear on April 25, 2001, and show cause why it should not be required to protect its lien by paying McClure the amount due or have its lien extinguished pursuant to the master's initial Judgment of Foreclosure and Sale.

On April 4, 2001, SCDOR was served with the rule to show cause and an order binding it to the master's initial Judgment of Foreclosure and Sale, neither of which was accompanied by a summons and complaint. The order was recorded, and the Berkeley County Clerk of Court was ordered "to annotate the judgment roll so as to reflect that SC Dept. of Revenue and Taxation ... [is] bound by the aforedescribed Judgment of Foreclosure and Sale." SCDOR appeals.

## STANDARD OF REVIEW

■ The court's exercise of personal jurisdiction over a party "will not be disturbed on appeal unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law." *Indus. Equip. Co. v. Frank G. Hough Co.,* 218 S.C. 169, 173, 61 S.E.2d 884, 885 (1950); *see also Bargesser v. Coleman Co.,* 230 S.C. 562, 567, 96 S.E.2d 825, 827 (1957) (holding the exercise of personal jurisdiction over a party will not be disturbed on appeal unless unsupported by the evidence or influenced by error of law).

## DISCUSSION

■ On appeal, SCDOR argues the master's rule to show cause did not contain the essential elements of a summons and, therefore, the master did not have personal jurisdiction over it. We agree.

■ "[A] judgment is void ... if a court acts without [personal] jurisdiction." *Thomas & Howard Co. v. T.W. Graham & Co.,* 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995); *see also Coogler v. Cal. Ins. Co. of San Francisco, Cal.,* 192 S.C. 54, 58–59, 5 S.E.2d 459, 461 (1939) ("[N]o order or judgment affecting the rights of a party ... should be made or rendered without [proper] notice to the party whose rights are to be thus affected...."). A court ordinarily obtains personal jurisdiction by the service of a summons. *See State v. Sanders,* 118 S.C. 498, 502, 110 S.E. 808, 810 (1920) ("The purpose of the summons is to acquire jurisdiction of the person of the defendant ...."); *cf.* Rule 3(a), SCRCP ("A civil action is commenced by filing and service of a summons and complaint."). However, our supreme court has "previously excused the use of the Rule to Show Cause [in place of a summons] to obtain

jurisdiction when it contained the essential elements of a valid Summons." *Citizens & S. Nat'l Bank of S.C. v. First Palmetto State Bank & Trust Co.*, 279 S.C. 252, 254, 305 S.E.2d 80, 80 (1983).

■ "[O]ne of the most important elements of a Summons is the time it allots for the defendant to appear." *Id.* at 254, 305 S.E.2d at 80–81. In *Citizens & Southern*, the rule to show cause provided it was returnable in twelve days, "rather than the twenty days then required of a Summons." *Id.* at 254, 305 S.E.2d at 81. Therefore, the court held the rule to show cause did not contain the essential elements of a summons. Thus, the circuit court did not properly have personal jurisdiction over the defendant. *Id.*

■ A defendant must be given thirty days in which to answer a summons. Rule 12(a), SCRCP. In the present case, SCDOR was served with a copy of the rule to show cause on April 4, 2001, and ordered to appear on April 25, 2001. SCDOR had only twenty-one days in which to respond, not thirty as required by Rule 12(a), SCRCP. According to our supreme court's holding in *Citizens & Southern*, the master's rule to show cause lacked an essential element of a summons.[1]

Therefore, the master lacked personal jurisdiction over SCDOR, and the order binding it to the master's initial Judgment of Foreclosure and Sale is void and must be vacated. *See Thomas & Howard Co.*, 318 S.C. at 291, 457 S.E.2d at 343; *Coogler*, 192 S.C. at 58–59, 5 S.E.2d at 461.

---

1. Furthermore, in the present case, McClure based her motion for the rule to show cause on Rule 60 of the South Carolina Rules of Civil Procedure. This is an improper legal basis on which to grant the requested relief. "While a court may correct mistakes or clerical errors by its own process to make it conform to the record, it cannot change the scope of the judgment." *Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 251, 253 (Ct.App.1994); *see also Ex parte Strom*, 343 S.C. 257, 264, 539 S.E.2d 699, 702 (2000) (indicating Rule 60 cannot be used to expand the scope of a judgment). In addition, Rule 60 specifically provides for a party's relief *from* a judgment, not the enforcement of that judgment against non-parties. *See* Rule 60(a)–(b), SCRCP. Thus, attempting to bind a non-party to a judgment extinguishing its lien changes the scope of the original judgment and extends beyond the relief contemplated by Rule 60, SCRCP.

## CONCLUSION[2]

For the foregoing reasons, we find the master did not have personal jurisdiction over SCDOR and, therefore, his order extinguishing its lien is

**VACATED.**[3]

HEARN, C.J., and HUFF, J., concur.

---

**2.** Because we find the master lacked personal jurisdiction to issue the rule to show cause, we need not address SCDOR's other assertions of error.

**3.** Because oral argument would not aid the Court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.